■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN P. SICKLER, Appellant.—Main, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 4, 1984, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (three counts) and criminal possession of stolen property in the first degree (one count).

Defendant, while on bail and awaiting sentence on his plea of guilty to criminal possession of stolen property in the first degree, was indicted for several burglaries and was a prime suspect in others. When he appeared for sentencing on the criminal possession plea, negotiations were entered into and, as a result thereof, defendant pleaded guilty to three of the burglary indictments in full satisfaction of the remaining indictments and all pending charges. In accordance with the plea bargain, defendant was sentenced to 5 to 15 years' imprisonment on each of the burglary charges and 2⅓ to 7 years' imprisonment on the criminal possession charge, with all sentences to run concurrently. Defendant appeals, contending that the plea was not a voluntary and knowing plea because of County Court's inadequate instructions prior to accepting the burglary pleas and because of the court's alleged threat of a more severe sentence if defendant was convicted following a trial. Defendant also maintains that the sentence imposed was unduly harsh and excessive.

Significantly, defendant failed to raise his objections to the adequacy of the plea allocution in County Court and, accordingly, has not preserved his claims for appellate review *(see, People v Pascale,* 48 NY2d 997; *People v Vicks,* 91 AD2d 1052). In any event, after review of the issues, we find no valid reason warranting reversal. Defendant's claim that he was coerced is unfounded and belied by the record. As to the sufficiency of the colloquy, there is no requirement for a "uniform mandatory catechism of pleading defendants" *(People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067). Under ordinary circumstances, a rigorous and detailed colloquy would be an unnecessary formalism *(supra).* No extraordinary circumstances are present here. Defendant was fully advised of his rights when he pleaded to the criminal possession charge and is surely no stranger to the criminal justice system. At sentencing, he readily admitted his guilt. He makes no protestation of innocence and was at all times represented by able counsel. We therefore perceive no basis for a conclusion that the plea was other than voluntary and knowing.

Lastly, no circumstances have been set forth to indicate that the sentence was other than appropriate, and we find no abuse of discretion on the part of County Court.

Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.