(February 27, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GARCIA, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered December 17, 1984, convicting defendant upon his

plea of guilty of the crime of grand larceny in the third degree.

In January 1984, defendant was indicted on five counts of grand larceny in the third degree and three counts of petit larceny. The charges stemmed from defendant's alleged failure to return electronic equipment left at his repair shop by customers and his failure to return deposits left for repairs which he never completed. In November 1984, defendant, with the assistance of counsel, entered a plea of guilty to one count of grand larceny in the third degree in complete satisfaction of the indictment. The record reveals that the terms of the sentence to be imposed were expressly left to County Court's discretion and were not a part of the plea bargain.

At sentencing, defendant moved to withdraw his plea to grand larceny in the third degree and to plead guilty to a misdemeanor. A colloquy of considerable length took place in which defendant indicated his impression that an agreement had been reached to permit him to plead to a misdemeanor without a sentence of incarceration in order to permit him to continue his job as a teacher. This relief was dependent upon defendant's making a good-faith effort to restore to the owners thereof the personal property entrusted to his possession. County Court denied defendant permission to withdraw his guilty plea and sentenced him to an indeterminate prison term of 1⅓ to 4 years. Defendant appeals to this court, asserting that it was an abuse of discretion not to allow him to withdraw his plea of guilty and that the sentence imposed is unduly harsh and excessive.

At the oral argument of this appeal, it was revealed that a prior conference had taken place among County Court, counsel and defendant of which no record had been made. However, the terms of the plea negotiation are adequately set forth in the record before us and defendant stated affirmatively, when he changed his plea, that no promise had been made to him except that the plea to the single count was in full satisfaction of all counts of the indictment.

Defendant's contention that it was an abuse of discretion for County Court to refuse to permit him to withdraw his plea is without merit. It is within the discretion of the court to grant a motion to withdraw a plea of guilty (CPL 220.60 [3]; *People v Stubbs,* 110 AD2d 725, 727). Defendant's stated understanding of the plea bargain is contradictory to the express language of the record before us. Accordingly, it was not an abuse of discretion for the court to refuse defendant's request to withdraw his plea *(see, People v Kelsch,* 96 AD2d 677).

Likewise, defendant's contention that the sentence imposed was unduly harsh and excessive is without merit. The sentence to be imposed rests with the discretion of the trial court and will not be interfered with in the absence of a clear showing of an abuse of discretion or extraordinary circumstances *(People v Mabry,* 101 AD2d 961, 963). No such showings were made. In addition, consideration must be given to the fact that County Court permitted a plea to one count of a five-count indictment in full satisfaction of the indictment *(see, People v Mitchell,* 78 AD2d 608).

Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.