■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. McMANUS, Appellant.—Harvey, J.

In August 1984, defendant was indicted on three counts of the crime of burglary in the second degree. He subsequently escaped from the Broome County Jail, was later apprehended and charged with the crime of escape in the first degree. Defendant originally pleaded guilty to all of the charges against him. Since defendant was a second felony offender, a term of imprisonment was mandated (Penal Law § 70.06 [2]). County Court, however, adjourned sentencing in order to provide defendant with an opportunity to participate in a rehabilitation program. Defendant failed to participate in any rehabilitation programs.

Defendant was subsequently allowed to withdraw his prior guilty plea. He then pleaded guilty to one count of attempted burglary in the second degree and escape in the second degree in full satisfaction of the charges against him. County Court sentenced defendant to consecutive sentences of 2 to 4 years on the burglary charge and 1½ to 3 years on the escape charge.

Defendant contends that the sentences imposed should be modified, in the interest of justice, to run concurrently. Initially, we note that the record reveals that defendant was fully informed that the sentences would be imposed to run consecutively *(see, People v Quick,* 122 AD2d 296). Furthermore, it is well established that sentencing is within the discretion of the sentencing court and will not be disturbed absent a showing of an abuse of discretion or extraordinary circumstances *(People v Garcia,* 117 AD2d 928, 930; *People v Harris,* 57 AD2d 663). A review of the record and the presentencing report reveals that no such showing is present here. It certainly would not promote the purposes of justice to allow a defendant who escaped from custody while awaiting disposition of a burglary charge to go unpunished for the second crime.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.