■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIN M. MORROW, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 8, 1986, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

Between February and October 1984, defendant allegedly subjected his seven-year-old half sister to sexual intercourse and sexual abuse through the use of force or threats of force. In August 1985, defendant was indicted on three counts of first degree rape and one count of sexual abuse. On December 10, 1985, the prosecution agreed to allow defendant to plead guilty to one count of first degree attempted rape in full satisfaction of the charges against him. County Court accepted defendant's plea following a colloquy in which, *inter alia,* defendant admitted that he engaged in acts constituting the crime. On January 8, 1986, defendant moved to withdraw his

guilty plea. County Court denied defendant's motion and sentenced him to a prison term of 5 to 15 years. This appeal ensued.

Defendant contends that County Court erred in denying his motion to withdraw his guilty plea. He premises this argument primarily upon the fact that he was not provided with *Rosario* material until jury selection was in progress. The prosecutor provided the *Rosario* material before the jury was sworn and before his opening statement; thus, he was in full compliance with CPL 240.45. Defendant's assertion that he did not have an adequate opportunity to discuss the matter with his attorney is unsupported by the record. We conclude that the court did not abuse its discretion when it refused to allow defendant to withdraw his plea of guilty *(see, People v Frederick,* 45 NY2d 520, 524-525; *People v King,* 114 AD2d 650, 652).

Defendant's further contention that the plea colloquy was inadequate is meritless. It is well established that there is no requirement for a "uniform mandatory catechism of pleading defendants" *(People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067; *see, People v Harris,* 61 NY2d 9, 16; *People v Sickler,* 117 AD2d 880, 881). Here, defendant, who was represented by counsel, was fully informed by County Court that by pleading guilty he was waiving various rights, including the right to a trial by jury. Defendant admitted committing the acts constituting the crime for which he pleaded guilty and he stated that his plea was voluntarily entered into. The court informed defendant of the effect of the plea, including the potential sentence which could be imposed. Our review of the record reveals that defendant was fully informed and freely accepted the favorable plea.

Defendant next argues that the prosecution was required to provide him with free transcripts of all proceedings involving Craig Wright. Wright had previously pleaded guilty to attempted rape of the same victim. Wright's crime, however, occurred over a different period of time than defendant's. Wright and defendant were not codefendants. The prosecution was thus not required pursuant to CPL 240.20, to provide defendant with the requested transcript. Further, the prosecution complied with CPL 240.45 by providing the statement of Wright to defendant during jury selection.

Defendant's assertion that he was eligible for youthful offender status was not raised at the time of sentencing and thus was waived *(see, People v McGowen,* 42 NY2d 905, 906).

Defendant's contention that the sentence imposed was excessive and should be reduced has been considered and found meritless (see, People v Garcia, 117 AD2d 928, 930, lv denied 67 NY2d 943).

Judgment affirmed. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.