■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS PABON, Appellant.—Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered August 8, 1989, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

As a condition of defendant's plea bargain, defendant was to be sentenced to lifetime probation if he cooperated with the State Police in a continuing drug investigation. When he failed to do so, defendant was sentenced to five years to life in prison. Defendant now contends that because the terms of the

agreement were impossible to perform, as he was not in the position to participate at the level of drug involvement that was required, his sentence was harsh and excessive and should be reduced. At the time of his plea, defendant was not only represented by competent counsel who had the District Attorney explain how defendant was to cooperate, but defendant himself appeared to be fully aware of the level of participation required of him. In addition, defendant derived a benefit from pleading guilty as he was able to plead to an A-II felony instead of an A-I felony, which carried with it a more lenient sentence *(compare,* Penal Law § 70.00 [3] [a] [i], *with* Penal Law § 70.00 [3] [a] [ii]). Under these circumstances, coupled with the fact that defendant did not receive the harshest sentence possible, it cannot be said that County Court abused its discretion in imposing sentence *(see, People v McManus,* 124 AD2d 305; *People v Du Bray,* 76 AD2d 976, 977).

Casey, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed.