■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENTRY MONTGOMERY, Appellant. [802 NYS2d 446]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered March 15, 2004, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). The record establishes that the plea was knowing, intelligent and voluntary, and it specifically refutes defendant's assertion that it was coerced. At the time of the plea, the prosecutor had already turned over more information than the law required (*see* CPL art 240). There is no claim by defendant, or any indication in the record, that the People failed to disclose any exculpatory

information in their possession (*see Brady v Maryland*, 373 US 83 [1963]). In connection with his plea withdrawal motion, defendant submitted two affidavits of potential witnesses, neither of which had any significant exculpatory value. Defendant also made a discovery request for pedigree information concerning persons whom the prosecutor did not intend to call as witnesses, and whose ability to provide exculpatory testimony was completely speculative (*compare People v Andre W.*, 44 NY2d 179, 184 [1978]). The court properly concluded that there was no basis to allow defendant to withdraw his plea, or for further discovery. We have considered and rejected defendant's remaining arguments. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.