People v Dix (2019 NY Slip Op 01974)





People v Dix


2019 NY Slip Op 01974


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1264 KA 17-00286

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALGERNON DIX, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
ALGERNON DIX, DEFENDANT-APPELLANT PRO SE.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered March 10, 2016. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) arising from a shooting at a nightclub. Preliminarily, we deny the request of defendant in his pro se supplemental brief to hold the appeal inasmuch as "[i]t is not the practice of this Court to hold appeals from a judgment of conviction awaiting the outcome of a CPL article 440 motion" (People v Toporczyk, 175 AD2d 678, 678 [4th Dept 1991]).
Addressing the contentions in defendant's main brief, we first conclude that defendant's waiver of the right to appeal was voluntarily, knowingly and intelligently entered (see People v Lopez, 6 NY3d 248, 256 [2006]). County Court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Graham, 77 AD3d 1439, 1439 [4th Dept 2010], lv denied 15 NY3d 920 [2010], quoting Lopez, 6 NY3d at 256; see People v Alfiere, 156 AD3d 1446, 1446 [4th Dept 2017], lv denied 31 NY3d 980 [2018]; People v Rogers, 81 AD3d 1320, 1320 [4th Dept 2011], lv denied 16 NY3d 862 [2011]). Although defendant correctly notes that the court did not specifically inquire during the plea colloquy whether he had been threatened, we conclude that "[t]here is no support in the record for defendant's contention that his appeal waiver was the result of coercion . . . , particularly considering the court's thorough colloquy and defendant's affirmative statements that he had discussed the waiver with [defense] counsel and that he agreed to it" (People v Hayes, 71 AD3d 1187, 1188 [3d Dept 2010], lv denied 15 NY3d 852 [2010], reconsideration denied 15 NY3d 921 [2010], citing People v Holman, 89 NY2d 876, 878 [1996]; see People v Smith, 138 AD3d 1415, 1416 [4th Dept 2016]).
Defendant also contends that the photo array used in an identification procedure with a witness was unduly suggestive and therefore the court should have suppressed the witness's identification of him as the shooter. The valid waiver of the right to appeal forecloses our review of that contention (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Kemp, 94 NY2d 831, 833 [1999]; People v Gessner, 155 AD3d 1668, 1669 [4th Dept 2017]). Moreover, defendant forfeited the right to raise that suppression issue on appeal inasmuch as he pleaded guilty before the court issued a ruling thereon (see People v Fernandez, 67 NY2d 686, 688 [*2][1986]; People v Rodgers, 162 AD3d 1500, 1501 [4th Dept 2018], lv denied 32 NY3d 940 [2018]; People v Woody, 160 AD3d 1362, 1362-1363 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]).
Although defendant's further contention that his guilty plea was not knowing, voluntary, and intelligent survives the valid waiver of the right to appeal and is preserved for our review by his motion to withdraw the plea (see People v Dames, 122 AD3d 1336, 1336 [4th Dept 2014], lv denied 25 NY3d 1162 [2015]), we reject that contention for the reasons that follow.
First, defendant contends that the People violated their obligation to timely disclose Rosario material and, therefore, he was entitled to withdraw his plea. That contention lacks merit. Such material need not be disclosed until "[a]fter the jury has been sworn and before the prosecutor's opening address" (CPL 240.45 [1]; see People v Pepe, 259 AD2d 949, 950 [4th Dept 1999], lv denied 93 NY2d 1024 [1999]). Here, the People did not violate their obligation inasmuch as defendant pleaded guilty before the People were required to disclose Rosario material and therefore defendant was not entitled to withdraw his plea on that ground (see generally People v Morrow, 129 AD2d 863, 864 [3d Dept 1987], lv denied 70 NY2d 651 [1987]). In addition, defendant was not entitled to withdraw his plea on the ground that the People did not disclose their witnesses inasmuch as " [t]here is neither a constitutional nor statutory obligation mandating the pretrial disclosure of the identity of . . . prosecution witness[es]' " (People v Nesmith, 144 AD3d 1508, 1509 [4th Dept 2016], lv denied 28 NY3d 1187 [2017]; see People v Stacchini, 108 AD3d 866, 867 [3d Dept 2013]). Defendant's further contention that he was entitled to withdraw his plea because the People did not disclose other information also lacks merit. "There is no claim by defendant, or any indication in the record, that the People failed to disclose any exculpatory information in their possession" (People v Montgomery, 22 AD3d 379, 379-380 [1st Dept 2005], lv denied 6 NY3d 778 [2006]; see generally People v Fisher, 28 NY3d 717, 722 [2017]).
Contrary to defendant's additional contention with respect to the voluntariness of his plea, the fact that the court did not specifically inquire during the plea colloquy whether he had been threatened does not render his plea involuntary. "[W]hile it would have been better for [the c]ourt to inquire as to whether any threats or promises had been made to induce [defendant] to plead guilty, . . . defendant ma[de] no showing of prejudice by alleging that any such threats or promises actually occurred" (People v Demontigny, 60 AD3d 1152, 1152 [3d Dept 2009], lv denied 12 NY3d 914 [2009]). Moreover, "defendant's fear that a harsher sentence would be imposed if [he] were convicted after trial does not constitute coercion" (People v Griffin, 120 AD3d 1569, 1570 [4th Dept 2014], lv denied 24 NY3d 1084 [2014] [internal quotation marks omitted]). Similarly, "the fact that defendant was required to accept or reject the plea offer within a short time period does not amount to coercion" (People v Carr, 147 AD3d 1506, 1507 [4th Dept 2017], lv denied 29 NY3d 1030 [2017] [internal quotation marks omitted]; see People v Pitcher, 126 AD3d 1471, 1472 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]). To the extent that defendant contends that he was not afforded sufficient time to discuss the plea with defense counsel, that contention is belied by the record (see People v Goodwin, 159 AD3d 1433, 1434 [4th Dept 2018]). Furthermore, we conclude on this record that "the court did not coerce defendant into pleading guilty merely . . . by commenting on the strength of the People's evidence against him" (Pitcher, 126 AD3d at 1472; see People v Hall, 82 AD3d 1619, 1620 [4th Dept 2011], lv denied 16 NY3d 895 [2011]). Contrary to defendant's further contention, his conclusory and unsubstantiated claims of innocence and coercion made during the sentencing proceeding are not supported by the record (see Dames, 122 AD3d at 1336; People v Adams, 45 AD3d 1346, 1346 [4th Dept 2007]; People v Dozier, 12 AD3d 1176, 1177 [4th Dept 2004]).
Finally, defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; Alfiere, 156 AD3d at 1446).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court