■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (D'Amaro, J.), both rendered July 7, 1988, convicting him of burglary in the second degree (two counts, one as to each indictment), upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered on Indictment No. 1039/87 brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which was to suppress identification evidence and statements made by the defendant.

Ordered that the judgments are affirmed.

The defendant, on foot, was stopped in a public place by an officer investigating a burglary which had been committed in the vicinity approximately two hours earlier. The officer asked the defendant for his name and an explanation of his conduct. Inasmuch as the defendant matched the description of an individual seen by a fellow officer at the time of the crime

fleeing the burglarized premises, there were "articulable facts" justifying the investigatory stop *(People v Hicks,* 68 NY2d 234, 238; *see, People v De Bour,* 40 NY2d 210; CPL 140.50 [1] [a] ). We note, moreover, that the defendant voluntarily accompanied the investigating officer to the crime scene, where he was identified by the fellow officer as the individual involved *(cf., People v Hicks, supra).* Under the circumstances, the Supreme Court properly declined to suppress, *inter alia,* identification testimony as the fruit of unlawfully intrusive police conduct. Inasmuch as the defendant advances no independent challenge to the judgment rendered under Indictment No. 1682/87 based on a plea of guilty entered in that case, both judgments are affirmed. Brown, J. P., Harwood, Miller and Ritter, JJ., concur.