■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE A. JACKSON, Appellant. [678 NYS2d 144] —Graffeo, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered February 27, 1997, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminal pos-

session of a controlled substance in the third degree (two counts) and criminal possession of marihuana in the fourth degree.

In June 1996, the State Police conducted a "clean sweep" operation in the City of Hudson, Columbia County, which was designed to apprehend individuals with outstanding felony complaints and/or warrants. In preparation for the operation, Richard Rogers, a State Police Investigator, viewed photographs and felony complaints of four individuals. Included in the documents reviewed by Rogers was a Polaroid photograph taken of defendant's mug shot in 1995. The photograph had been used by another police officer on September 21, 1995 to identify defendant in connection with an undercover drug buy, after which a felony complaint was prepared.

On June 13, 1996 Rogers and a Deputy Sheriff were in an unmarked police car parked outside the Hudson train station when they observed an individual walking on Front Street carrying a duffle bag. Although unsure of the individual's identity, based on his prior examination of the Polaroid photograph, Rogers believed the individual to be defendant, the subject of a felony complaint. The two officers exited the car and asked defendant his name, whether he resided in Hudson and where he was going. Defendant replied that he was visiting a friend in Hudson and stated that his name was Wallace Attaway. In response to a request for identification, defendant hesitated, threw his bag at Rogers' knees and ran. The Deputy Sheriff pursued defendant and apprehended him approximately 20 to 30 yards away. Defendant was thereafter placed under arrest for harassment. A search of the duffle bag at the police station garage produced two forms of cocaine and marihuana.

After a preliminary hearing and Grand Jury proceedings, defendant was indicted on six counts including criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of marihuana in the fourth degree and resisting arrest. County Court denied defendant's motion to suppress the contents of the duffle bag after an evidentiary hearing.

Subsequent to the suppression hearing, County Court granted defendant's motion to proceed *pro se* with advisory

counsel.[1] Shortly thereafter, defendant pleaded guilty to all charges in the indictment with a recommendation from the prosecutor for concurrent sentences. The court accepted defendant's guilty plea on December 4, 1996 after questioning defendant with respect to his guilt and advising him of his rights. At sentencing, County Court denied defendant's motion to withdraw his guilty plea. Defendant was thereafter sentenced as a second felony offender to indeterminate prison terms of 10 to 20 years for the criminal sale conviction and each conviction of criminal possession of a controlled substance in the third degree, 2 to 4 years for criminal possession of a controlled substance in the fifth degree and a definite term of one year for criminal possession of marihuana in the fourth degree. The sentences were to run concurrently.

On this appeal, defendant contends that the contents of the duffle bag should have been suppressed, alleging that there was no probable cause to support the stop, search and his arrest, and that his actions did not constitute an abandonment of his property. Defendant also appeals County Court's denial of his motion to withdraw his guilty plea and claims that his sentence was excessive.

Police officers, "in their law enforcement capacity, * * * have fairly broad authority to approach individuals and ask questions relating to identity or destination, provided that the officers do not act on whim or caprice and have an articulable reason not necessarily related to criminality for making the approach" (*People v Hollman*, 79 NY2d 181, 190; *see, People v De Bour*, 40 NY2d 210, 219). Such an encounter constitutes a mere request for information as enunciated in *People v De Bour* (*supra*) as opposed to the common-law right of inquiry or forcible stop, especially where it is brief and without intimidation or harassment (*see, People v Hollman, supra,* at 190; *People v De Bour, supra,* at 219). The officers' approach of defendant was lawful as it constituted a request for identity and destination information, and was free of harassment. Rogers' belief that defendant may have been the subject in the photograph and the fact that he was specifically looking for individuals in connection with felony complaints provided a credible reason to approach defendant to request information (*see, e.g., People v Cruz*, 169 AD2d 836, 836-837). Even assuming, arguendo, that the confrontation with defendant rose to the common-law right of inquiry, it was proper since the officers had a reasonable suspicion that defendant had been

---

1. Defendant's original motion to proceed *pro se* was denied prior to the evidentiary hearing.

involved in a crime (see, People v Hollman, supra, at 185, 191-192; People v De Bour, supra, at 223; see also, People v Javier, 175 AD2d 182; People v Carmona, 172 AD2d 151, 152, lv denied 78 NY2d 963; People v Rivera, 166 AD2d 678, 678-679, lv denied 77 NY2d 843).

The police search also was lawful following defendant's abandonment of his duffel bag (see, Matter of Miguel C., 196 AD2d 868, 869). An abandonment is deemed to have occurred where the defendant has the opportunity, albeit brief, to reflect and purposefully discard the evidence (see, People v Rosser, 150 AD2d 911, 912-913, lv denied 74 NY2d 746). After answering several unassuming questions, defendant intentionally threw his bag at Rogers and fled in the face of lawful police conduct (see, Matter of Miguel C., supra, at 869; see also, People v Parker, 163 AD2d 682, lv denied 76 NY2d 942; compare, People v Glover, 215 AD2d 900). Hence, defendant's actions were a calculated act manifesting an independent intent to separate himself from his property (see generally, People v Davis, 217 AD2d 805, lv denied 86 NY2d 841; People v Kosciusko, 149 AD2d 620). Since defendant subjected Rogers to physical contact by striking him in the knees with his bag, probable cause to arrest defendant on the charge of harassment was extant (see, People v Moyer, 27 NY2d 252; Matter of Jose M., 210 AD2d 228, 229). The fact that defendant was not indicted for harassment does not abrogate the officers' right to arrest defendant on that charge (cf., People v Miner, 42 NY2d 937, 938).

We also reject defendant's claim that County Court erred in its denial of defendant's motion to withdraw his guilty plea. The decision on a motion to withdraw a guilty plea is "addressed to the sound discretion of the trial court, and, absent abuse, that court's determination should not be disturbed" (People v Zuk, 130 AD2d 886, 888, lv denied 70 NY2d 659; see, CPL 220.60 [3]; People v Ross, 182 AD2d 1022, 1024, lv dismissed 80 NY2d 934). County Court conducted a thorough inquiry and the record reveals that the plea was made knowingly and intelligently.[2] Defendant was apprised of the consequences of a guilty plea, and he clearly and unambiguously entered a plea of guilty and acknowledged his guilt to all

---

2. Although defendant was representing himself at the time of the plea, County Court properly permitted defendant to proceed pro se after he was fully apprised by the court concerning the dangers of doing so. Further, the court's colloquy with defendant ensured that he knowingly and intelligently waived his right to counsel and counsel remained in an advisory capacity throughout the proceedings (see, People v Ward, 205 AD2d 876, 877, lv denied 84 NY2d 873; People v Greany, 185 AD2d 376, 378, lv denied 80 NY2d 1027).

charges (see, *People v Evans*, 193 AD2d 960, 961; *People v Morrow*, 129 AD2d 863, 864, *lv denied* 70 NY2d 651). Defendant's protestations of innocence subsequent to his admission of guilt at his plea allocution is insufficient to demonstrate that County Court abused its discretion (see, *People v Dixon*, 29 NY2d 55; *People v De Gaspard*, 170 AD2d 835, 837-838, *lv denied* 77 NY2d 994). Defendant's averment that he did not understand the effect of the proceedings is contradicted by the record.

Lastly, defendant's contention that the sentence imposed was harsh and excessive is without merit. Where a sentence is within permissible statutory ranges, it shall not be disturbed unless the sentencing court abused its discretion (see, *People v Parson*, 209 AD2d 882, 884, *lv denied* 84 NY2d 1014; *People v Greco*, 187 AD2d 151, 159, *lv denied* 81 NY2d 1073). We find no reason to vacate the sentence imposed.

White, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.