■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OMAR TRAVIS, Respondent. [698 NYS2d 293] —Appeal by the People from an order of the County Court, Westchester County (Smith, J.), dated February 4, 1999, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, and that

branch of the defendant's omnibus motion which was to suppress physical evidence is denied.

The defendant was arrested without a warrant on a charge of assault in the third degree based on information provided to the police by the victim. Upon searching the defendant, the police found packages of narcotics in his pocket, and he was subsequently indicted on drug-related charges. At a hearing on his motion to suppress evidence of the drugs, the defendant contended that his arrest was illegal because the police were not authorized to make a warrantless arrest for a petty offense committed outside their presence (*see,* CPL 140.10 [1] [b]). He contended that the information provided to the police by the victim was insufficient to establish the physical injury element of assault in the third degree, a class A misdemeanor, and that the information established, at most, that he had committed the offense of harassment in the second degree, a violation. The court agreed and granted his motion to suppress.

Probable cause for a warrantless arrest does not require proof sufficient to support a conviction, "but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v McRay,* 51 NY2d 594, 602; *see also, People v Miner,* 42 NY2d 937, 938; *People v Alpern,* 217 AD2d 853, 854; CPL 70.10 [2]). In determining whether the information provided to the police by the victim was sufficient to establish the element of physical injury, the court erroneously evaluated the evidence in terms of whether it would be sufficient to convict, rather than whether the police could reasonably have believed that the crime of assault in the third degree had been committed (*see, People v Bothwell,* 261 AD2d 232).

The police officer who interviewed the victim could reasonably infer that she suffered physical injury based on his observation of her injuries and her allegation that the defendant threw her to the ground and punched her in the face. We note that the victim's deposition was taken at the police station within minutes of the incident, when she would not necessarily know what, if any, the lasting effects of her injuries would be (*see, People v Henderson,* 92 NY2d 677). In any event, the objective facts known to the police were sufficient to establish probable cause to arrest the defendant for attempted assault in the third degree, a class B misdemeanor, as the fact that no physical injury was inflicted is not a defense to that charge (*see, Matter of Marcel F.,* 233 AD2d 442; *Matter of Carlton P.,* 143 AD2d 833). Accordingly, that branch of the

defendant's motion which was to suppress evidence is denied. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.