OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law, accusatory instrument dismissed and fines, if paid, remitted.
The charges upon which defendant was convicted arose out of the stop of a motor vehicle in the Town of Northeast at 1:23 a.m. on January 19, 2003. The driver of the vehicle was arrested for driving while intoxicated. The defendant, his wife and the wife of the driver were passengers in the vehicle. Following the driver’s arrest, defendant stepped out of the vehicle and was subsequently arrested for disorderly conduct and resisting arrest.
A person is guilty of disorderly conduct (Penal Law § 240.20 [1], [7]) when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or in violent, tumultuous or threatening behavior, or creates a hazardous or physically offensive condition by any act which serves no legitimate purpose. The disorderly conduct statute was designed to proscribe only that type of conduct which has a real tendency to provoke public disorder (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.20, at 347). The proscribed conduct must be accompanied by the stated culpable mental state of “intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof” (Penal Law § 240.20; see also People v Perkins, 150 Misc 2d 543, 545-546 [App Term, 9th & 10th Jud Dists 1991], lv denied 78 NY2d 1129 [1991]). Factors to be considered in determining if a defendant’s conduct constitutes disorderly conduct include (1) the extent to which defendant’s conduct annoyed others; (2) whether defendant persisted in the conduct after warnings by others or the police; (3) whether defendant’s conduct created at least the risk that disorder might result; and (4) whether defendant’s conduct occurred in a public location (People v Maher, 137 Misc 2d 162, 168 [1987], affd 142 Misc 2d 977 [1989], lv denied 74 NY2d 794 [1989]).
*43 In People v Munafo (50 NY2d 326, 331 [1980]), the Court of Appeals distinguished between situations which are largely private disputes between individual parties and those which carry “beyond the concern of individual disputants to a point where they . . . become a potential or immediate public problem.” In deciding whether an act carries public ramifications, a court must assess the nature and number of people attracted by the alleged commotion, while taking into consideration the surrounding circumstances, such as time, place and location of the episode under scrutiny (People v Munafo, 50 NY2d at 331).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), it appears that the evidence was insufficient to establish defendant’s guilt beyond a reasonable doubt. The alleged acts occurred on a January morning at about 1:30 a.m., on a public road in Dutchess County. The only persons present were the defendant and the deputy sheriff. The driver of the vehicle had previously been arrested, was handcuffed and sitting in the rear of the patrol car. The remaining passengers were sitting in the rear of the stopped vehicle with the windows closed and could not see or hear any of the events leading to defendant’s arrest. Based on the foregoing, there was no evidence of any public inconvenience, annoyance or alarm or the creation of a risk thereof (see Penal Law § 240.20; cf. People v Tichenor, 89 NY2d 769 [1997], cert denied 522 US 918 [1997]).
A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person (Penal Law § 205.30). A key element of resisting arrest is the requirement that the arrest be authorized, i.e., that the arrest was premised on probable cause (People v Jensen, 86 NY2d 248, 253 [1995]; People v Alejandro, 70 NY2d 133 [1987]; People v Peacock, 68 NY2d 675, 676-677 [1986]; People v Parker, 33 NY2d 669 [1973]). Since, as noted prior hereto, the arresting officer lacked any basis to conclude that defendant committed the offense of disorderly conduct, defendant’s arrest on said charge was not authorized. Thus, the trial evidence also failed to establish the elements of resisting arrest (see Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 205.30, at 326). In reaching this result, we note that the assault charge can *44 not render the arrest authorized as the alleged assault occurred after the arrest and the charge was added more than one year after the incident.
Rudolph, EJ., Angiolillo and Tanenbaum, JJ., concur.