■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO MORENO, JR., Appellant. [821 NYS2d 349]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered April 14, 2005. The judgment convicted defendant, after a nonjury trial, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of assault in the second degree (Penal Law § 120.05 [2]). As we concluded on the appeal of defendant's brother and codefendant (*People v Moreno*, 31 AD3d 1214 [2006]), County Court did not fail to give the evidence the weight it should be accorded in rejecting the justification defense, and thus the verdict is not against the weight of the evidence. "The People disproved defendant's justification defense beyond a reasonable doubt by presenting evidence that the actions of defendant and his codefendant in repeatedly kicking the victim in the head and face were not justified by the victim's use or threatened use of physical force against them" (*id.* at 1214). Also contrary to the contention of defendant, the court did not err in sentencing him to a term of incarceration greater than that offered as part of the plea bargain. "[T]here is no indication that the sentence imposed was the product of vindictiveness . . . or that the court placed undue weight upon defendant's ill-advised decision to reject [a] favorable plea bargain and proceed to trial" (*People v Smith*, 21 AD3d 1277, 1278 [2005] [internal quotation marks omitted]; *see People v White*, 12 AD3d 1200 [2004], *lv denied* 4 NY3d 768 [2005]; *People v Lewis*, 292 AD2d 814, 815 [2002], *lv denied* 98 NY2d 677 [2002]). The sentence is not unduly harsh or severe. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.