OPINION OF THE COURT
Memorandum.
Judgments of conviction reversed as a matter of discretion in the interest of justice and matter remanded to the court below for a new trial in accordance with the decision herein.
Defendant asserts that the accusatory instrument charging him with resisting arrest was facially insufficient because it failed to allege facts that would establish, if true, that the arrest was authorized (see CPL 100.15 [3]; 100.40 [1] [cl; Penal Law *89 § 205.30). He notes that the accusatory instrument did not name the underlying offense for which he was being arrested at the time that he allegedly resisted arrest. The arrest was authorized if the arresting officer had probable cause to believe that defendant had committed any offense in his presence (see CPL 140.10 [1] [a]; Wallace v City of Albany, 283 AD2d 872, 873 [2001]). The accusatory instrument alleged that the arresting officer saw defendant strike another person, and this allegation established, if true, that the officer had probable cause to arrest defendant for, at the very least, harassment in the second degree (see People v Jackson, 251 AD2d 820, 823 [1998]). Thus, the allegation established, if true, that the arrest was authorized. Although the accusatory instrument had to allege, in order to be facially sufficient under CPL 100.40 (1) (c), facts that would establish, if true, every element of the offense of resisting arrest, it did not have to allege, in order to meet this facial sufficiency test, facts that would establish, if true, every element of the offense giving rise to the arrest (see People v Alejandro, 70 NY2d 133, 135 [1987]).
Contrary to defendant’s contentions, the evidence was legally sufficient to support the verdicts. The testimony that defendant punched the victim (a police sergeant) in the face was legally sufficient to establish his guilt of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00 [1]; People v Travis, 266 AD2d 410, 411 [1999] [“the fact that no physical injury was inflicted is not a defense to (a) charge (of attempted assault in the third degree)”]), and of harassment in the second degree (see Penal Law § 240.26 [1]; see generally People v Jackson, 251 AD2d at 823). With respect to the charge of resisting arrest, the testimony from the arresting officer that he saw defendant strike the police sergeant established that the arresting officer had probable cause to arrest defendant for the offenses of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00 [1]; People v Travis, 266 AD2d at 411) and harassment in the second degree (see Penal Law § 240.26 [1]; People v Jackson, 251 AD2d at 823). Thus, the testimony established that the arrest was authorized (see CPL 140.10 [1] [a]; Wallace v City of Albany, 283 AD2d at 873). Since there was also testimony to the effect that defendant intentionally attempted to prevent the police from arresting him, the evidence of resisting arrest was legally sufficient (see Penal Law § 205.30).
Moreover, although acquittals “would not have been unreasonable” (People v Danielson, 9 NY3d 342, 348 [2007]), it can *90 not be said on this record that the verdicts were against the weight of the evidence with respect to the offenses as charged to the jury (see id. at 349), particularly when deference is given to the jury’s ability to assess the credibility of the witnesses (see People v Romero, 7 NY3d 633, 644-645 [2006]) even as this court conducts its own review of the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]).
Our decision to reverse the judgments of conviction is based upon the following considerations. On the day before jury selection, the following exchange took place:
“the court: . . . Any statements by Defendant, anything we have to concern ourselves with in that regard?
“[the prosecutor]: No.
“[defense counsel]: My understanding, any statements were waived for all purposes?
“[the prosecutor]: That’s correct.”
In complete contradiction to this representation, the prosecutor announced, at an unrecorded bench conference that took place on the following day, the existence of a statement allegedly made by defendant about which she intended to elicit testimony. Over defense objections that the prosecutor had neither served notice of the statement pursuant to CPL 710.30 nor disclosed it pursuant to CPL 240.20, the prosecutor was ultimately permitted to elicit the testimony in question.
The record is devoid of any explanation for the prosecutor’s repudiation of her initial representation that she would not use any statement for any purpose. In the absence of such an explanation, we find the initial representation unacceptably misleading. We further find that the appropriate corrective action, which we take in an exercise of our broad discretionary powers pursuant to CPL 470.15 and 470.20, is for us to reverse the judgments of conviction, remand the matter for a new trial, and order the preclusion at any new trial of any evidence pertaining to the statement in question.
In view of our disposition, we do not address defendant’s arguments under CPL 710.30 and 240.20, as well as the additional issues raised by defendant.
Rudolph, EJ., Tanenbaum and Molía, JJ., concur.