■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARLAN O.P. CAULKINS, Appellant. [919 NYS2d 597]—

Rose, J. 

Defendant was charged with the violation of harassment in the second degree following an alleged altercation with Alezandra Smith, the mother of his young son. The Cortland County Public Defender was assigned to represent defendant. The matter was then transferred to the Integrated Domestic Violence part of Supreme Court and the Public Defender appeared there on defendant's behalf. The court, however, issued a blanket order precluding the Public Defender from personally appearing before it on behalf of any defendant, explaining that it was "unable to preside over cases in which [the Public Defender personally] appears as counsel" due to a pending appeal regarding a ruling the court had made on an unrelated matter. The court then ordered the Public Defender to reassign the case to one of his three part-time Assistant Public Defenders. Following a nonjury trial, the court found defendant guilty and sentenced

defendant to 15 days in jail, as well as a two-year no-contact order of protection requiring him to stay away from both Smith and his child.

Defendant's claim that his conviction was not based on legally sufficient evidence was not preserved by an appropriate objection (*see People v Gray*, 86 NY2d 10, 20 [1995]; *People v Shutter*, 72 AD3d 1211, 1213 [2010], *lv denied* 14 NY3d 892 [2010]). Nevertheless, upon our review of the record, we conclude that defendant's argument has merit, and we exercise our interest of justice jurisdiction and reverse his conviction (*see* CPL 470.15 [3]).

The charge of harassment in the second degree requires that the People present evidence establishing that a defendant, "with intent to harass, annoy or alarm another person . . . strikes, shoves, kicks or otherwise subjects such other person to physical contact" (Penal Law § 240.26 [1]). Such intent can be inferred from the act itself or from the defendant's conduct and the surrounding circumstances (*see People v Bracey*, 41 NY2d 296, 301 [1977]; *People v Collins*, 178 AD2d 789, 789-790 [1991]).

Here, deferring to Supreme Court's decision to credit Smith's version of the events, we find that the evidence presented is insufficient to infer defendant's intent to harass, annoy or alarm Smith. Smith testified that when she saw defendant walking on the other side of the street, she crossed the street and approached defendant. She testified that she started to argue with defendant because she was upset about an issue involving their son. According to Smith, defendant then shoved her left shoulder with an open hand, said "this [is] done" and he immediately left. Smith did not call the police about the incident; rather, the police were notified of the incident while investigating a related matter between Smith's friends and defendant's girlfriend.

Given this limited proof, the physical contact does not, by itself, establish beyond a reasonable doubt that defendant intended to harass, annoy or alarm Smith during the alleged incident (*cf. People v Bracey*, 41 NY2d at 301). Likewise, there is insufficient evidence in the record from which to infer such an intent from his conduct and the surrounding circumstances (*compare id.* at 301-302; *People v Mollaie*, 81 AD3d 1448, 1449 [2011]; *People v Collins*, 178 AD2d at 789-790). While Smith testified that she was annoyed because of two previous encounters with defendant, her reaction is immaterial in establishing defendant's intent (*see* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.26, at 71; *see e.g. People v Jemzura*, 29 NY2d 590 [1971]). Inasmuch as

the evidence, viewed in a light most favorable to the prosecution, cannot establish beyond a reasonable doubt defendant's intent to harass, annoy or alarm Smith, the conviction cannot stand. Defendant's remaining arguments, with one exception, are academic.

Turning to that remaining argument, we are compelled to note that Supreme Court abused its discretion in excluding the Public Defender from appearing on behalf of defendant and ordering that an Assistant Public Defender be assigned to appear in the Integrated Domestic Violence part whenever a party in that court is represented by the Public Defender. The reasoning set forth by the court—that there was a pending CPLR article 78 proceeding brought by the Public Defender to challenge its prior ruling—does not support either a disqualification of the Public Defender or the court's apparent view that the method by which he appealed its prior ruling presented a conflict of interest for the court. In any event, such a conflict on the part of the court would not warrant the court's interference with the established attorney-client relationship between the Public Defender and defendant (see People v Knowles, 88 NY2d 763, 766-767 [1996]; People v Espinal, 10 AD3d 326, 329 [2004], lv denied 3 NY3d 740 [2004]).

Mercure, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that judgment is reversed, as a matter of discretion in the interest of justice, information dismissed, two-year order of protection in favor of Alexandra Smith and the parties' child vacated, and fine, if paid, remitted to defendant.