OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
In January 2011, a misdemeanor information was filed charging defendant with resisting arrest (Penal Law § 205.30), two counts of disorderly conduct (Penal Law § 240.20 [1], [6]) and harassment in the second degree (Penal Law § 240.26 [1]). Following a jury trial, defendant was convicted of all charges. On appeal, defendant contends, among other things, that the misdemeanor information was jurisdictionally defective; that he was denied a fair trial because the Justice Court failed to instruct the jury as to a justification defense; and that the evidence was legally insufficient and the verdict against the weight of the evidence.
*68 In order for an information to be facially sufficient, it must contain nonhearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1]; see also People v Casey, 95 NY2d 354, 360 [2000]). These requirements—with the exception of a claim of hearsay which is waived if it is not raised in a timely motion—are jurisdictional (People v Casey, 95 NY2d 354 [2000]). The law does not require that the most precise words or phrases which most clearly express the thought be provided in an information, but only that the crime be alleged and the specifics set forth so that a defendant can prepare himself for trial, and so that he will not be tried again for the same offense (People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360). We note that by failing to raise any hearsay claim by motion in the Justice Court, defendant has waived that claim.
With respect to the disorderly conduct charges, we find that the information fails to provide factual allegations that establish, if true, every element of the offenses charged (see CPL 100.40 [1] [c]), since it does not allege any facts describing a “situation[ ] that carried beyond the concern of individual disputants to a point where they had become a potential or immediate public problem” (People v Munafo, 50 NY2d 326, 331 [1980]). The facts do not indicate that defendant’s conduct had a “public . . . dimension” (id. at 331), which is a necessary component of the offense of disorderly conduct (Penal Law § 240.20; People v Jones, 9 NY3d 259 [2007]; People v Munafo, 50 NY2d at 331; People v Stewart, 32 Misc 3d 133[A], 2011 NY Slip Op 51445 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; People v Badue, 22 Misc 3d 137[A], 2009 NY Slip Op 50339[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Council, 19 Misc 3d 145[A], 2008 NY Slip Op 51132[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; People v Dennis, 13 Misc 3d 41 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). The factual allegations do not allege that a crowd or any other civilian bystanders were present or nearby, and the mere presence of a police officer would not, alone, have given defendant’s conduct its necessary public dimension (see People v Stewart, 32 Misc 3d 133[A], 2011 NY Slip Op 51445[U] [2011]; People v Badue, 22 Misc 3d 137[A], 2009 NY Slip Op 50339[U] [2009]; cf. People v Tichenor, 89 NY2d 769 [1997]). Consequently, so much of the accusatory instrument as charged defendant with *69 disorderly conduct must be dismissed as jurisdictionally defective.[1]
In order to be facially sufficient, an accusatory instrument charging the offense of harassment in the second degree (Penal Law § 240.26 [1]) must establish that the defendant struck, shoved, kicked or otherwise subjected another person to physical contact, or attempted or threatened to do the same, and did so with the intent to harass, annoy or alarm the other person. The accusatory instrument herein alleges solely that defendant “did state to the deponent [police officer] in substance ‘F . . you, I’ll f. . . you up.’ ” This verbal threat, standing alone, was not sufficient to show the physical contact element of harassment in the second degree (see People v Dietze, 75 NY2d 47 [1989]; People v Todaro, 26 NY2d 325 [1970]). Accordingly, so much of the accusatory instrument as charged defendant with harassment in the second degree is also jurisdictionally defective and must be dismissed.[2]
Penal Law § 205.30 provides that a “person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.” In order to be facially sufficient under Criminal Procedure Law § 100.40 (1) (c), an accusatory instrument charging resisting arrest must allege facts that would establish, if true, every element of resisting arrest. However, the accusatory instrument does not have to allege facts that would establish, if true, every element of the offense giving rise to the arrest (see People v Clergeot, 20 Misc 3d 87, 89 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Rather, the accusatory instrument need only allege that the arrest was authorized, by setting forth facts establishing that the arresting officer had probable cause to believe that the defendant committed an offense in his presence (see CPL 140.10 [1] [a]; People v Alejandro, 70 NY2d 133, 135 [1987]). Upon a review of the accusatory instrument, we find that the facts alleged therein were *70 sufficient to show that the deponent police officer had probable cause to believe that defendant had committed an offense in his presence. Consequently, so much of the accusatory instrument as charged defendant with resisting arrest is not jurisdictionally defective.
However, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we find that so much of the verdict as found defendant guilty of resisting arrest was against the weight of the evidence. We have weighed “the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony” (People v Zephyrin, 52 AD3d 543, 543 [2008] [internal quotation marks and citation omitted]) and “determine firstly, that an acquittal . . . would not have been unreasonable based upon the evidence presented, and secondly, that the trial court failed to accord the evidence the weight it should have been accorded” (id.; see also People v Danielson, 9 NY3d at 348). As clearly depicted in the videotape of the incident, defendant was in the process of complying with the arresting officer’s order to leave the premises when that officer grabbed defendant’s shoulder from behind. Defendant responded thereto by merely pulling away. Moreover, the officer testified that he had never told defendant that he was under arrest prior to grabbing him. Consequently, so much of the accusatory instrument as charged defendant with resisting arrest must be dismissed (see CPL 470.20 [5]).
We note that, even were we to find that the verdict of guilt with respect to resisting arrest was not against the weight of the evidence, we would, in any event, find that the Justice Court’s error in failing to instruct the jury as to justification in relation to this charge (see Penal Law § 35.15) was not harmless and warrants reversal and a new trial on this charge in the interest of justice (see CPL 470.15 [3] [c]; [6] [a]; People v Williams, 121 AD2d 145, 149 [1986]; People v Davis, 74 AD2d 607, 609 [1980]). A reasonable view of the evidence in the light most favorable to defendant (see People v Watts, 57 NY2d 299, 301 [1982]; People v Steele, 26 NY2d 526, 529 [1970]) indicates that the police, and not defendant, were the initial aggressors, thereby making justification a central issue in the case at bar.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.

. We note that, in any event, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was legally insufficient to establish defendant’s guilt of the disorderly conduct charges beyond a reasonable doubt, which finding is supported by what is depicted in the videotape of the incident.

. We note that, in any event, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d at 621), was also legally insufficient to establish defendant’s guilt of harassment in the second degree beyond a reasonable doubt, which finding is supported by what is depicted in the videotape of the incident.