The People of the State of New York, Respondent, 
against
Fernando Lozado, Appellant.




New York City Legal Aid Society (Steven Berko), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Antara D. Kanth of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered June 17, 2014. The judgments convicted defendant, after a nonjury trial, of attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [1]), respectively.




ORDERED that the judgments of conviction are reversed, on the law, and the accusatory instruments are dismissed.
In an accusatory instrument charging defendant with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [1]), a detective alleged that, at about 7:10 p.m. on December 23, 2012, at the 115th Precinct in Queens, he had been informed by the complainant that:
"The defendant, Fernando Lozado, stated in sum and substance to the complainant who is that ni**er in the car, watch what is going to happen to him.
Deponent is further informed by the complainant that the above mentioned actions of the defendant caused the complainant annoyance and alarm.
Deponent states that he has reviewed an order of protection issued on behalf of the [*2]complainant . . . by the Honorable Judge Dennis Lebwohl of the Queens Family Court . . . on 12/7/2012 which is in effect until 02/15/2013 and which states, among other things, that the defendant, Fernando Lozado . . . must refrain from assault, menacing, threatening, intimidating, stalking, harassment, disorderly conduct . . . and any other criminal offense against the complainant.
Deponent states that [s]he has examined a copy of said order of protection and that the defendant is aware of said order of protection in that both parties were present in court."
The order of protection had been issued after a family offense petition had been filed pursuant to article 8 of the Family Court Act on October 12, 2012.
On April 1, 2014, the original accusatory instrument was replaced with two prosecutor's informations charging defendant with attempted criminal contempt in the second degree and harassment in the second degree, respectively.
At a nonjury trial, the testimony established that defendant had custody of two of the complainant's children, one of whom was also defendant's child, and that the complainant had visitation rights. Furthermore, the complainant had obtained an order of protection in her favor and against defendant. As part of a Family Court order, the complainant had been directed to bring the two children to the 115th Precinct after weekends of visitation, where defendant would pick them up. The complainant testified that, at approximately 7:00 p.m. on Sunday, December 23, 2012, in front of the 115th Precinct in Queens, she was in a car service vehicle together with, among others, her current boyfriend and a child that she had had with that boyfriend. As she stepped out of the vehicle, defendant approached and said, "[w]ho is that ni**er in the car?" Defendant also said, "[w]atch what's going to happen to you, bitch." The complainant became scared because her "baby was there with the guy in the car and [defendant] threatened me." She went into the precinct and asked for help.
Defendant moved to dismiss the charges at the close of the People's case, arguing that the People had failed to prove that defendant had attempted to intentionally disobey a lawful order by using the "n-word" to describe the complainant's boyfriend, who was in the car-service vehicle at the precinct. The boyfriend did not have an order of protection against defendant. Counsel also argued that the complainant's testimony that defendant had threatened her and called her a bitch was a recent fabrication. The court denied the motion.
Defendant testified in his own behalf that, at approximately 7:00 p.m. on December 23, 2012, he had been running late to pick up his two children at the 115th Precinct. Defendant claimed that the "exchange" of the children was done at the precinct for his safety. Defendant testified that he did not say anything to the man in the car, but even if he did, he doubted that the man could have heard what he had said. He did not speak to anyone other than his children on the night in question.
The court found defendant guilty as charged.
On appeal, defendant argues, among other things, that his conviction of harassment in the second degree should not stand because his actions failed to demonstrate an intent to harass, annoy or alarm the complainant, and his conviction of attempted criminal contempt in the second [*3]degree should be reversed because it was inextricably interwoven with his second-degree harassment conviction. The statements defendant made to the complainant were not "unambiguous threats." The first statement, "[w]ho is that ni**er in the car," was simply asking who was in the car with the children, especially because defendant had custody of two of the children. The second statement, "[w]atch what's going to happen to you, bitch," did not convey that defendant would harm the complainant. Defendant further argues that the conviction of attempted criminal contempt in the second degree "should be reversed because . . . the People's proof failed to show that [defendant] in any way attempted to resist the lawful process or other mandate" of a court.
At the outset, we note that for an information to be facially sufficient, it must contain nonhearsay allegations which establish, if true, every element of the offense(s) charged and the defendant's commission thereof (see CPL 100.40 [1] [c]; People v Casey, 95 NY2d 354, 360 [2000]; People v Canjura, 46 Misc 3d 66, 68 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; see also CPL 100.15 [3]; 100.40 [1] [b]). These requirements, with the exception of a claim of hearsay, which is waived if it is not timely raised in a motion in the trial court, are jurisdictional (see People v Canjura, 46 Misc 3d at 68), and must be addressed on appeal even if not raised in a motion (see People v Alejandro, 70 NY2d 133, 135 [1987]; People v Deveaux, 50 Misc 3d 133[A], 2016 NY Slip Op 50032[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). The original accusatory instrument alleged that defendant "stated in sum and substance to the complainant who is that ni**er in the car, watch what is going to happen to him" (emphasis added). The factual allegations of the original accusatory instrument regarding the crimes charged did not support the crimes charged, because the statements made were not directed against the complainant (see Penal Law § 240.26 [1]), but against her boyfriend, who did not have an order of protection in his favor and against defendant. Furthermore, the testimony at the trial, in which it was alleged that defendant stated, in sum and substance, "watch what is going to happen to you, bitch" (emphasis added), does not match the allegations of the original accusatory instrument. In any event, even if defendant had uttered the statement to the complainant as testified to by the complainant at trial, we find that the evidence did not establish defendant's guilt beyond a reasonable doubt.
Defendant did not specifically argue in the Criminal Court that the statements he had allegedly made to the complainant did not constitute a physical threat, and thus, that the elements of harassment in the second degree were not established. To that extent, defendant's legal insufficiency claim is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). However, we review defendant's legal insufficiency claim as a matter of discretion in the interest of justice.
A person is guilty of harassment in the second degree when, "with intent to harass, annoy or alarm another person . . . [h]e . . . subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1]). Intent to commit such an act can be "inferred from the act itself or from the defendant's conduct and the surrounding circumstances" (People v Caulkins, 82 AD3d 1506, 1507 [2011]; see People v Bracey, 41 NY2d 296, 301 [1977]). 
Here, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's guilt of harassment in the second degree [*4]was not established beyond a reasonable doubt. The statements made by defendant did not demonstrate "a genuine threat of physical harm" (People v Smith, 32 Misc 3d 134[A], 2011 NY Slip Op 51457[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; see People v Todaro, 26 NY2d 325, 330 [1970]; People v Ruggerio, 4 Misc 3d 133[A], 2004 NY Slip Op 50747[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). The first statement, "[w]ho is that ni**er in the car," although extremely offensive, did not threaten any violence. The second statement, "[w]atch what's going to happen to you, bitch," was simply too "vague" to establish the crime of harassment in the second degree (see People v Caulkins, 82 AD3d at 1507; see also People v Smith, 32 Misc 3d 134[A], 2011 NY Slip Op 51457[U], *1-2; People v Ruggerio, 4 Misc 3d 133[A], 2004 NY Slip Op 50747[U]).
As defendant's act did not establish harassment, he did not attempt to disobey the order of protection (see Penal Law § 215.50 [3]).
Accordingly, the judgments of conviction are reversed and the accusatory instruments are dismissed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 09, 2018