The People of the State of New York, Respondent, 
against
Steven J. Price, Appellant.




Galgano Sharp, LLP (Eric R. Sharp of counsel), for appellant.
Westchester County District Attorney (William C. Milaccio and Jennifer L. Spencer of counsel), for respondent.

Appeal from a judgment of the City Court of White Plains, Westchester County (Jo Ann Friia, J.), rendered July 19, 2016. The judgment convicted defendant, after a nonjury trial, of assault in the third degree and two counts of harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, following a nonjury trial, defendant was convicted of assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]), for his conduct against a male nurse, and a second count of harassment in the second degree for his conduct against a female nurse. At trial, the female nurse and a nurse technician testified that they had been working in the emergency room of White Plains Hospital when defendant had been brought in for a laceration on his palm. These witnesses testified that defendant had started yelling and manipulated the laceration on his hand so as to increase the blood flow, after which he threw his blood around the room and at them. The nurse also testified that defendant had then come towards her "in a threatening manner" and tried to grab her, and that a male nurse had stepped in between them. The female nurse thought that defendant was approaching her in an aggressive way in order to punch her or throw his blood on her. The nurse technician testified that defendant had been trying to hit the female nurse when the male nurse intervened.
The male nurse testified that, after he had entered the room in response to the female nurse's call for help, he observed defendant throwing blood around the room, and, after defendant put his hand on the female nurse's shoulder, he touched defendant's wrist, at which point defendant hit him in his face, causing him to sustain a bruise. The female nurse and nurse technician also testified that they had observed defendant hit the male nurse in his face. After the incident, the male nurse informed his triage nurse that his pain level was a level three and he was told to take Motrin and ice the area. However, later that day, his pain level increased to a five, [*2]which is moderate pain. The male nurse explained how an adrenaline rush could mask the extent of an injury. He also testified that the area where he had been hit had been swollen, red, tender and bruised, that his pain had continued at a level five for two to three days, and that he had stopped taking pain medication five days to a week after the incident. All of the witnesses testified that defendant had been acting aggressively and had been out of control.
To the extent that defendant argues that the evidence was legally insufficient to establish his guilt of assault in the third degree and harassment in the second degree, beyond a reasonable doubt, with regard to the male nurse, defendant's contention has no merit. The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), was sufficient to establish defendant's guilt of assault in the third degree beyond a reasonable doubt, inasmuch as defendant, with the intent to cause "physical injury"—which "means impairment of physical condition or substantial pain" (Penal Law § 10.00 [9])—to the male nurse, caused such injury to the male nurse (Penal Law § 120.00 [1]). Although "substantial pain cannot be defined precisely . . . it is more than slight or trivial pain"; however, such "[p]ain need not . . . be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). In the case at bar, the male nurse's testimony—that his pain level was moderate, that he sustained a bruise to his face, which was swollen, red, and tender, that his pain had continued at this level for two to three days, and that he did not stop taking pain medication until five days to a week after the incident—was sufficient to establish substantial pain.
Penal Law § 240.26 (1) provides that a person is guilty of harassment in the second degree "when, with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." The "intent" to commit such an act "can be inferred from the act itself or from the defendant's conduct and the surrounding circumstances" (People v Caulkins, 82 AD3d 1506, 1507 [2011]; see People v Bracey, 41 NY2d 296, 301 [1977]; People v Lozado, 59 Misc 3d 14 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
With regard to the male nurse, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d at 621) and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d at 437), was sufficient to establish defendant's guilt of harassment in the second degree, beyond a reasonable doubt (see People v Clergeot, 20 Misc 3d 87, 89 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see generally People v Jackson, 251 AD2d 820, 823 [1998]). The City Court reasonably concluded from defendant's conduct that he had intended to harass, annoy or alarm the male nurse, thereby satisfying the requisite intent for harassment in the second degree. In regard to the harassment in the second degree conviction pertaining to the female nurse, we similarly find that the evidence was sufficient to establish, beyond a reasonable doubt, that "with [the] intent to harass, annoy or alarm [the female nurse] . . . [defendant] . . . otherwise subject[ed] [the female nurse] to physical contact, or attempt[ed] or threaten[ed] to do the same" (Penal Law § 240.26 [1]).
Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [*3][1987]), we find that the verdict convicting defendant of assault in the third degree and two counts of harassment in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Furthermore, the City Court did not fail to give the evidence the weight it should have been accorded by rejecting defendant's justification defense (see People v Ford, 114 AD3d 1273, 1275 [2014]; People v Moreno, 32 AD3d 1355, 1356 [2006]). The People disproved defendant's justification defense, beyond a reasonable doubt, by presenting evidence that defendant's act of hitting the male nurse in the face was not justified by the male nurse's act of touching defendant's wrist after having observed defendant throwing blood around the room, approaching the female nurse in a threatening manner and placing his hand on the female nurse's shoulder.
Accordingly, the judgment of conviction is affirmed.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 14, 2018