■ The People of the State of New York, Respondent, v Jeff Ibe, Appellant. [854 NYS2d 724]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered March 22, 2006, convicting defendant, after a jury trial, of assault in the second degree and reckless endangerment in the second degree, and sentencing him, as a second felony offender, to an aggregate term of three years, unanimously affirmed.

Defendant's argument that the People failed to prove the element of physical injury (Penal Law § 10.00 [9]) is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was ample proof that the police officer sustained a physical injury (*see People v Chiddick*, 8 NY3d 445 [2007]), including the officer's testimony as to substantial pain, as well as medical testimony. To the extent that defendant is arguing that the element of physical injury requires a showing of long-term effects, that argument is without merit (*see e.g. People v Jackson*, 296 AD2d 313 [2002], *lv denied* 98 NY2d 768 [2002]).

The court properly admitted evidence that, at the time of the incident, defendant was driving a taxi without a valid license to do so. Without this evidence, it would have been difficult for the jury to understand why defendant fled from the police and engaged in a course of unusual conduct rather than simply

submitting to being stopped for a traffic violation (*see People v Till*, 87 NY2d 835, 837 [1995]). The court's thorough limiting instruction minimized any prejudice.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.