■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ESCOBAR, Appellant. [912 NYS2d 202]—

Judgments, Supreme Court, Bronx County (Megan Tallmer, J.), rendered May 18, 2007, as amended October 26, 2007, convicting defendant, after a jury trial, of assault in the second degree, and also convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree and promoting prison contraband in the first degree, and sentencing him, as a second felony offender, to an aggregate term of seven years, unanimously affirmed.

Defendant did not preserve any of his arguments for appellate review. It is well established that "[t]he word 'objection' alone [is] insufficient to preserve [an] issue" for review as a question of law (*People v Tevaha*, 84 NY2d 879, 881 [1994]). Defendant argues that this principle should not apply because the trial court prohibited "speaking objections" and instructed counsel to make unelaborated objections. However, defense counsel made no effort to make a record, at any point in the trial, of the grounds for his objections. Moreover, the court specifically invited counsel to make such a record at the first recess following an objection, and offered to reconsider its rulings and take curative actions where appropriate.

Accordingly, we decline to review any of defendant's claims in the interest of justice. As an alternative holding, we find no basis for reversal. We conclude that all of the medical evidence at issue was properly admitted. With regard to defendant's claims of prosecutorial misconduct in cross-examination and summation, we conclude that the challenged questions and remarks were generally permissible (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]), and that any improprieties were not so egregious as to deprive defendant of a fair trial, particularly in light of the court's curative actions.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). The fact that, with respect to matters defendant challenges on appeal, counsel either did not object or made inadequate objections did not deprive defendant of a fair trial, af-

fect the outcome of the case, or cause defendant any prejudice. Concur—Tom, J.P., Andrias, Sweeny, DeGrasse and Román, JJ.