People v Drelich (2018 NY Slip Op 06785)

People v Drelich

2018 NY Slip Op 06785 [32 NY3d 1032]

October 11, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 12, 2018

[*1]

The People of the State of New York, Appellant,
v
Marvin Drelich, Respondent.

Decided October 11, 2018

People v Drelich, 58 Misc 3d 81, reversed.

APPEARANCES OF COUNSEL

Cyrus R. Vance, Jr., District Attorney, New York City (Rebecca Hausner and Alan Gadlin of counsel), for appellant.
Justine M. Luongo, The Legal Aid Society, New York City (Susan Epstein of counsel), for respondent.

{**32 NY3d at 1032} OPINION OF THE COURT

Memorandum.
The order of the Appellate Term should be reversed and the case remitted to the Appellate Term for consideration of issues raised but not determined on appeal to that court.
The accusatory instrument is not jurisdictionally defective. Giving the allegations "a fair and not overly restrictive or {**32 NY3d at 1033}technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), and "drawing reasonable inferences from all the facts set forth in the accusatory instrument" (People v Jackson, 18 NY3d 738, 747 [2012]), the accusatory instrument contains sufficient facts to demonstrate "reasonable cause" to believe (CPL 100.40 [4] [b]) that defendant was guilty of patronizing a prostitute in the third degree (see Penal Law § 130.00 [10]). The factual allegations that defendant requested "manual stimulation" from a woman on a street corner, for a specific sum of money, at 2:25 a.m., supplied "defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]). Defendant's argument that "manual stimulation" could be indicative of nonsexual conduct ignores the inferences of sexual activity to be drawn from the factual context in which the statement was alleged to have been made—a late night solicitation of a physical personal service from an individual on a public street, in exchange for a sum of money. Any assertion that defendant was referring to a nonsexual activity "was a matter to be raised as an evidentiary defense . . . , not by insistence that this [accusatory instrument] was jurisdictionally defective" (see Casey, 95 NY2d at 360). The fact that the instrument used a clinical phrase for the sexual activity alleged does not render the instrument jurisdictionally defective.
[*2]
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.
On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, and case remitted to the Appellate Term, First Department, for consideration of issues raised but not determined on appeal to that court, in a memorandum.