The People of the State of New York, Respondent, 
against
Marvin Drelich, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered January 8, 2014, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered January 8, 2014, affirmed.
This matter was remitted by the Court of Appeals (32 NY3d 1032 [2018]) for consideration of issues raised but not decided on a prior appeal to this court (58 Misc 3d 81 [2017]).
Our review of the record indicates that defendant's guilty plea was knowing, intelligent and voluntary. In satisfaction of an accusatory instrument charging patronizing a prostitute in the third degree, a class A misdemeanor, defendant pleaded guilty to disorderly conduct, a violation, in exchange for a sentence of conditional discharge. The plea occurred nearly three months after arraignment, defendant had counsel on the case, who waived formal allocution, and defendant personally confirmed that he was pleading guilty voluntarily and understood that he was giving up the right to trial. Moreover, defense counsel announced at the start of the plea proceeding, without the need for any additional discussion, that defendant had decided to plead guilty and "authorize[d]" the plea, a fact which "confirms that defendant made the decision to plead guilty after consulting with counsel prior to the start of the proceeding" (People v Conceicao, 26 NY3d 375, 384 [2015]). Thus, the record as a whole establishes defendant's understanding and waiver of his constitutional rights, despite the absence of a full enumeration of all the rights waived (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Simmons, 138 AD3d 520 [2016], lv denied 27 NY3d 1139 [2016]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, and he expressly requests that this Court affirm the conviction if it does not grant a dismissal. Since we do not find that dismissal would be appropriate, we affirm on this basis as well (see e.g. People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: June 21, 2019