People v Bennett (2021 NY Slip Op 50016(U))

[*1]

People v Bennett (Larry)

2021 NY Slip Op 50016(U) [70 Misc 3d 134(A)]

Decided on January 15, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

15-302

The People of the State of New York,
Respondent, 
against
Larry Bennett, Defendant-Appellant.

In consolidated appeals, defendant, as limited by his briefs, appeals from three judgments of
the Criminal Court of the City of New York, Bronx County (Kim A. Wilson, J.), each rendered
January 22, 2015, convicting him, upon his pleas of guilty, of attempted criminal sale of
marijuana in the fourth degree and two counts of criminal possession of marijuana in the fifth
degree, and imposing sentence.

Per Curiam.
Judgment of conviction under docket number 2014BX025869 (Kim A. Wilson, J.), rendered
January 22, 2015, affirmed. Appeal from judgments of conviction under docket numbers
2014BX035135 and 2014BX037081 (Kim A. Wilson, J.), rendered January 22, 2015, dismissed
as academic. 
In view of defendant's knowing waiver of the right to prosecution by information, the facial
sufficiency of the accusatory instruments must be assessed under the standard required of a
misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the instrument under docket number
2014BX025869 was jurisdictionally valid because the factual allegations provide reasonable
cause to believe that defendant was guilty of criminal sale of marijuana in the fourth-degree
(see Penal Law § 221.40) by alleging, in relevant part, that at a specified time and
street location, an undercover officer handed defendant ten dollars in prerecorded buy money in
exchange for one ziplock bag containing marijuana (see People v Roman, 60 Misc 3d 127[A], 2018 NY Slip Op
50916[U][App Term, 1st Dept 2018], lv denied 32 NY3d 941 [2018]). These allegations
were sufficient for pleading purposes since they provided adequate notice to enable defendant to
prepare a defense and invoke his protection against double jeopardy (see People v Kasse, 22 NY3d 1142
[2014]). Any question regarding how the police identified defendant as the perpetrator was a
matter to be raised at trial, not by insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d
569, 577 [2004]).
Defendant's convictions of criminal possession of marijuana in the fifth degree (see
Penal Law § 221.10) under docket numbers 2014BX035135 and 2014BX037081 have been
automatically "vacated and dismissed" and rendered "legally invalid," by operation of CPL
160.50(5), which became effective on August 28, 2019. Thus, this appeal from said convictions
[*2]must be dismissed as academic (see People v Taite, 65 Misc 3d
137[A], 2019 NY Slip Op 51671[U][App Term, 1st Dept 2019], lv denied 34 NY3d
1082 [2019]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 15, 2021