People v Banaszek (2021 NY Slip Op 50324(U))

[*1]

People v Banaszek (Piotr)

2021 NY Slip Op 50324(U) [71 Misc 3d 132(A)]

Decided on April 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-378 K CR

The People of the State of New York,
Respondent,
against
Piotr Banaszek, Appellant. 

New York City Legal Aid Society (Denise Fabiano of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and Daniel Berman of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael J. Yavinsky, J.), rendered January 16, 2018. The judgment convicted defendant, upon
his plea of guilty, of disorderly conduct, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with harassment in the second degree (Penal Law § 240.26 [2]),
public lewdness (Penal Law § 245.00 [a]) and exposure of a person (Penal Law §
245.01) in an accusatory instrument which alleged that the complaining witness had observed
defendant expose his penis to her in a public place and then follow her along the public street
while continuing to be exposed, which caused her to become alarmed and annoyed. After
waiving prosecution by information, defendant pleaded guilty to the added charge of disorderly
conduct (Penal Law § 240.20) in satisfaction of the accusatory instrument.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory
instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea
(see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since
defendant expressly waived the right to be prosecuted by information, the relevant counts of the
accusatory instrument must be evaluated under the standards that govern a misdemeanor
complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4];
People v Dumas, 68 NY2d 729, 731 [1986]). CPL 100.40 (4) provides that a misdemeanor
complaint, or a count thereof, is sufficient on its face when it substantially conforms to the
requirements prescribed in CPL 100.15 and when "[t]he allegations of the factual part of such
[*2]accusatory instrument and/or any supporting depositions
which may accompany it, provide reasonable cause to believe that the defendant committed the
offense charged in the accusatory part of such instrument." Furthermore, CPL 70.10 (2) states
that " '[r]easonable cause to believe that a person has committed an offense' exists when evidence
or information which appears reliable discloses facts or circumstances which are collectively of
such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and
experience that it is reasonably likely that such offense was committed and that such person
committed it," and which, in the case of a misdemeanor complaint, "may include or consist of
hearsay."
Contrary to defendant's sole contention on appeal, that there were only conclusory facts
alleged in the accusatory instrument identifying him as the perpetrator, defendant's identification
was based upon the complainant's personal observation of him (see People v Thomas, 47 Misc 3d
132[A], 2015 NY Slip Op 50464[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2015]; People v Vonancken, 27
Misc 3d 132[A], 2010 NY Slip Op 50695[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2010]; People v Bridgelal, 9
Misc 3d 127[A], 2005 NY Slip Op 51473[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2005]). Any further challenge to the identification of defendant was a matter to be raised as
an evidentiary defense and does not affect the facial sufficiency of the accusatory instrument (see People v Drelich, 32 NY3d
1032, 1033 [2018]; People v Casey, 95 NY2d 354, 360 [2000]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2021