People v Bonilla (2021 NY Slip Op 03044)





People v Bonilla


2021 NY Slip Op 03044


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-10448
 (Ind. No. 18-00960)

[*1]The People of the State of New York, respondent,
v
Ivan Bonilla, appellant.


Judith E. Permutt, Mount Vernon, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Brian R. Pouliot of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered August 7, 2019, convicting him of burglary in the second degree (two counts), grand larceny in the fourth degree, and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention that his rights to due process, confrontation, and counsel were violated by the County Court's direction that counsel were not permitted to state the basis for any objection in the jury's presence is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit. While trial courts have considerable discretion to limit the form of objections made in the jury's presence, the preferred practice should be to permit counsel to briefly state the ground for an objection. Nevertheless, here defense counsel was not prevented from making a record with regard to his objections at sidebars and at other points of the trial when the jury was not present (cf. People v Escobar, 79 AD3d 469).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court