People v Roldan (2021 NY Slip Op 50426(U))

[*1]

People v Roldan (Miguel)

2021 NY Slip Op 50426(U) [71 Misc 3d 135(A)]

Decided on May 14, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

570052/19

The People of the State of New York,
Respondent, 
against
Miguel Roldan, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Mary L. Bejarano, J.), rendered October 29, 2018, convicting him, upon his plea of
guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Mary L. Bejarano, J.), rendered October 29, 2018, affirmed.
Since defendant waived his right to prosecution by information, the facial sufficiency of the
accusatory instrument must be assessed under the standard required of a misdemeanor complaint
(see People v Dumay, 23 NY3d
518, 521 [2014]). So viewed, the accusatory instrument charging defendant with multiple
counts of petit larceny (see Penal Law § 155.25) was not jurisdictionally defective.
The instrument alleged that on five separate dates, deponent, a "Loss Prevention Agent" inside a
specified Target store, observed defendant remove cell phones, place them inside his jacket
pockets, and walk past the cash registers "and out of the door, past the point of payment," without
"permission or authority to remove said items." These allegations were sufficient for pleading
purposes since they provided adequate notice to enable defendant to prepare a defense and
invoke his protection against double jeopardy (see People v Kasse, 22 NY3d 1142 [2014]).
Contrary to defendant's present contention, deponent's identification of defendant as the
perpetrator was based upon his personal observation of him, and was nonconclusory. Any further
challenge to the identification of defendant was a matter to be raised at trial (see People v Konieczny, 2 NY3d
569, 577 [2004]; People v Banaszek, ___ Misc 3d ___, 2021 NY Slip Op 50324[U]
[App Term, 2d, 11th & 13th Jud Dists 2021]; People v Bennett, 70 Misc 3d 134[A], 2021 NY Slip Op 50016[U]
[App Term, 1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE
COURT.
I concur I concurI concur
Decision Date: May 14, 2021