People v Surjeet (2021 NY Slip Op 50718(U))

[*1]

People v Surjeet (Harjeet)

2021 NY Slip Op 50718(U) [72 Misc 3d 135(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2018-1975 Q CR

The People of the State of New York,
Respondent, 
against
Harjeet Surjeet, Appellant. 

New York City Legal Aid Society (Hannah Gladstein of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Christipher Blira-Koessler and Natasha R.
Pooran, of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Gia L. Morris, J.), rendered August 1, 2018. The judgment convicted defendant, upon his plea of
guilty, of petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant waived prosecution by information and pleaded guilty to petit larceny (Penal Law
§ 155.25) in satisfaction of an accusatory instrument which had also charged him with
criminal impersonation in the second degree (Penal Law § 190.25 [1]), and two counts of
identity theft (Penal Law § 190.78 [1], [2]). On appeal, defendant contends that the
accusatory instrument was facially insufficient and, thus, jurisdictionally defective because it
failed to establish that defendant, rather than another person, used the complainant's credit card at
a Rite Aid pharmacy, and failed to identify that the card used was the same card that the
complainant alleged was missing from her bag.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory
instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea
(see People v Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Where a defendant
expressly waives prosecution by information, such [*2]as here,
the accusatory instrument's legal sufficiency must be evaluated under the standards which govern
that of a misdemeanor complaint (see People v Dumay, 23 NY3d at 524; People v Kalin, 12 NY3d 225, 228
[2009]). "The factual part of a misdemeanor complaint must allege 'facts of an evidentiary
character' (CPL 100.15 [3]) demonstrating 'reasonable cause' to believe the defendant committed
the crime charged (CPL 100.40 [4] [b])" (People v Dumas, 68 NY2d 729, 731 [1986];
see also CPL 70.10 [2]). So long as the factual allegations of an accusatory instrument
provide an accused notice sufficient to prepare a defense and are adequately detailed to prevent a
defendant from being tried twice for the same offense, they should be given a fair and not overly
restrictive or technical reading (see People v Dreyden, 15 NY3d at 103;�People v Kalin, 12 NY3d 225,
231-232 [2009];�People v Konieczny, 2 NY3d at 576;�People v Casey, 95 NY2d
354, 360 [2000]). "[T]he basis for . . . an allegation can be discerned by drawing reasonable
inferences from all the facts set forth in the accusatory instrument" (People v Jackson, 18 NY3d 738,
747 [2012]). Moreover, reasonable cause determinations are governed by " 'a flexible
common-sense standard' " (People v Batista, 261 AD2d 218, 221 [1999], quoting
Texas v Brown, 460 US 730, 742 [1983]).
Here, we find that the accusatory instrument contains sufficient facts to demonstrate
"reasonable cause" to believe (CPL 100.40 [4] [b]) that defendant committed the charged offense
of petit larceny. While defendant argues that the accusatory instrument contains a discrepancy
between the last four digits of the complainant's credit card and the last four digits of the card
reflected on a Rite Aid receipt, we find that this discrepancy was not fatal.
A reasonable and common-sense inference can be drawn that this defendant committed the
alleged acts where the accusatory instrument alleged that: (1) the complainant received a
notification on her phone for an unauthorized charge on her Discover card in the amount of
$54.95 on November 13, 2017; (2) the complainant noticed that her Discover card was missing
from her bag; (3) the complainant observed that the unauthorized charged was made at 6:07 p.m.
on November 13, 2017 at a Rite Aid in Queens County; (4) the complainant viewed video
surveillance from that Rite Aid taken at 6:07 p.m. on that day and observed defendant, whom she
recognized as her co-worker, making a purchase with a credit card and signing a receipt; and (5)
the complainant reviewed the receipt from Rite Aid indicating a purchase for the same amount
for which she received a notification on the subject day, and observed a signature on the bottom
of the receipt bearing her first name. Moreover, the accusatory instrument further alleged that a
manager from the Rite Aid confirmed that the receipt was made in the regular course of business.
Thus, the count contained in the accusatory instrument charging defendant with petit larceny, to
which he pleaded guilty, was facially sufficient. "Any further challenge to the identification of
defendant was a matter to be raised as an evidentiary defense and does not affect the facial
sufficiency of the accusatory instrument" (People v Banaszek, 71 Misc 3d 132[A], 2021 NY Slip Op
50324[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; see People v Drelich, 32 NY3d
1032, 1033 [2018]; People v Casey, 95 NY2d at 360).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021