People v Ngom (2021 NY Slip Op 50863(U))

[*1]

People v Ngom (Bassirou)

2021 NY Slip Op 50863(U) [72 Misc 3d 142(A)]

Decided on September 16, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 16, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570894/16

The People of the State of New York,
Respondent, 
against
Bassirou Ngom, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ushir Pandit-Durant, J.), rendered November 21, 2016, convicting him, upon a
plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Ushir Pandit-Durant, J.), rendered November 21, 2016,
affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed
under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid at least
with respect to one, if not all of the charged misdemeanors (i.e. unlicensed general vending and
trademark counterfeiting).
The instrument recited that the arresting officer observed defendant standing on a public
sidewalk on Fifth Avenue, in front of a sheet upon which more than two dozen handbags were
laid out in four neat rows; that the handbags bore trademarks of Louis Vuitton, Michael Kors and
Tory Burch that were determined to be counterfeit based upon specifically enumerated features
distinguishing them from genuine handbags; that the allegedly counterfeit trademarks were
registered and in use; and that defendant was not displaying a license issued by the Department
of Consumer Affairs and admitted that he did not have one. These factual allegations were
sufficient to support the charged offenses since they provided adequate notice to enable
defendant to prepare a defense and invoke his protection against double jeopardy (see People v Kasse, 22 NY3d 1142
[2014]; People v Abdurraheem, 94
AD3d 569 [2012], lv denied 19 NY3d 970 [2012]). Defendant's argument that the
instrument failed to allege that he was actually selling or offering for sale the handbags ignores
the inference of an offer of sale that can be drawn from the factual context - a large number of
handbags set forth on a sheet on a Fifth Avenue sidewalk, that were displayed in a manner
indicating that they were for sale (see
People v Murphy, 31 Misc 3d 141[A], 2011 NY Slip Op 50827[U] App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2011], lv denied 17 NY3d 820 [2011]; see also People v Drelich, 32 NY3d
1032 [2018]) - as well as the [*2]officer's statement, based
upon his training and experience, that the display is consistent with an offer of sale.
Since at least one of the charged misdemeanor offenses was jurisdictionally valid, the court
had jurisdiction to accept defendant's plea to the uncharged lesser offense of disorderly conduct
(see People v Keizer, 100 NY2d 114, 117-119 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 16, 2021