People v Hilton-Jones (2022 NY Slip Op 51261(U))

[*1]

People v Hilton-Jones (Rondese)

2022 NY Slip Op 51261(U) [77 Misc 3d 134(A)]

Decided on December 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-726 N CR

The People of the State of New
York, Respondent,
against
Rondese Hilton-Jones, Appellant.

Nassau County Legal Aid Society (Tammy Feman and Mia Guthart of counsel), for
appellant.
Nassau County District Attorney (Sarah S. Rabinowitz, Libbi L. Vilher and Michael
Balch of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Joy M.
Watson, J.), rendered January 29, 2020. The judgments convicted defendant, upon jury
verdicts, of resisting arrest, failing to signal and using a mobile telephone while
operating a motor vehicle, respectively, and imposed sentences. The appeal brings up for
review so much of an order of the District Court rendered November 6, 2019 as granted a 
Molineux motion and granted, in part, a Sandoval motion.

ORDERED that the judgments of conviction are affirmed.
In the evening of May 29, 2018, defendant's vehicle was stopped by a police officer
and, following a foot chase, defendant was arrested on a felony charge of tampering with
physical evidence (Penal Law § 215.40 [1]), misdemeanor charges of resisting
arrest (Penal Law § 205.30) and aggravated unlicensed operation of a motor vehicle
in the second degree (Vehicle and Traffic Law § 511 [2] [a] [ii]), and traffic
infractions of failing to signal when turning [*2](Vehicle
and Traffic Law § 1163 [a]) and using a mobile telephone while operating a motor
vehicle (Vehicle and Traffic Law § 1225-c [2] [a]). Each charge was set forth in a
distinct accusatory instrument: the felony in a felony complaint, the two misdemeanors in
informations, and the two traffic violations in simplified traffic informations. Prior to
trial, the felony charge was reduced to attempted tampering with physical evidence
(Penal Law §§ 110.00, 215.40 [1]) and the charge of aggravated unlicensed
operation of a motor vehicle in the second degree was dismissed.
Following a jury trial, defendant was acquitted of the attempted tampering charge
and convicted of the remaining three. On appeal, defendant contends, first, that the
accusatory instruments are facially insufficient to sustain his prosecution. Although the
People are correct that this point is unpreserved, as defendant lodges this complaint for
the first time on appeal, it is well settled that "a valid and sufficient accusatory instrument
is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Hardy, 35 NY3d
466, 475 [2020] [internal quotation marks omitted]). Thus, there is no preservation
bar (see People v Burca, 58
Misc 3d 147[A], 2018 NY Slip Op 50040[U], *1 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018] ["Defendant's contention regarding the facial sufficiency of
the accusatory instrument . . . is jurisdictional and, therefore, may be raised on appeal
even though defendant did not raise this contention in the Criminal Court"], citing, inter
alia, People v Dreyden, 15
NY3d 100, 103 [2010]).
"In order to be facially sufficient under Criminal Procedure Law section
100.40 (1) (c), an accusatory instrument charging resisting arrest must allege facts that
would establish, if true, every element of resisting arrest. However, the accusatory
instrument does not have to allege facts that would establish, if true, every element of the
offense giving rise to the arrest. Rather, the accusatory instrument need only allege that
the arrest was authorized, by setting forth facts establishing that the arresting officer had
probable cause to believe that the defendant committed an offense in his presence" (People v Canjura, 46 Misc 3d
66, 69 [App Term, 2d Dept, 9th & 10th Jud Dists 2014], citing CPL
140.10[1][a]; People v Alejandro, 70 NY2d 133, 135 [1987]; People v Laltoo, 22 AD3d
230, 230 [2005] ["defendant could properly be convicted of resisting arrest even
without being convicted of any underlying crime"]; People v Clergeot, 20 Misc 3d 87, 89 [App Term, 2d Dept,
9th & 10th Jud Dists 2008]).
Here, that accusatory
instrument alleged that "the source of [the] information and basis for belief being the
personal observations of the deponent." The officer's observations included defendant
"placing a clear twisted bag containing a white rock like substance believed to be
crack/cocaine into his mouth," which constituted the reasonable cause required for his
arrest (see People v Maldonado, 86 NY2d 631, 635 [1995] ["Reasonable cause
means probable cause"]). In particular, the description given of the color and consistency
of the substance, as well as of the bag in which it was contained, renders the officer's
determination that it was crack cocaine reasonable and nonconclusory (see People v Smalls, 26 NY3d
1064, 1067 [2015] ["In (People v Kalin, 12 NY3d 225 [2009]), we concluded that,
because the officer's account of his experience, [*3]the
packaging of the drugs, and the drug paraphernalia recovered from the car 'supplied the
basis' for his belief that the substances in question were illegal drugs, the information
was facially sufficient notwithstanding the absence of a lab report or a description of the
appearance of the drugs themselves"]). Consequently, the information charging
defendant with resisting arrest is facially sufficient. 
Next, with respect to the two Vehicle and Traffic Law offenses charged in separate
simplified traffic informations, we note that a simplified traffic information is sufficient
on its face when it substantially conforms to the form prescribed by the Commissioner of
Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; People v Anand, 65 Misc 3d
151[A], 2019 NY Slip Op 51875[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2019]; People v Ferro, 22
Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Additionally,
pursuant to CPL 100.25 (2), if a supporting deposition of a complainant police officer is
provided, it must contain allegations of fact, based either upon personal knowledge or
upon information and belief, providing reasonable cause to believe that the defendant
committed the offense or offenses charged (see People v Hohmeyer, 70 NY2d 41,
42-44 [1987]; People v Key, 45 NY2d 111, 116-117 [1978]; People v Delprete, 62 Misc 3d
128[A], 2018 NY Slip Op 51872[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]). Here, although defendant had received a supporting deposition with each
simplified traffic information, any complaint regarding the facial sufficiency of the
respective supporting deposition was waived by his failure to move before trial to
dismiss the simplified traffic information based upon that ground (see Key, 45
NY2d at 116; People v
Hakim, 60 Misc 3d 137[A], 2018 NY Slip Op 51112[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2018]; People v Kelleher, 39 Misc 3d 149[A], 2013
NY Slip Op 50948[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; cf.
Delprete, 2018 NY Slip Op 51872[U]). Defendant's facial insufficiency arguments
therefore are only reviewable with respect to each simplified traffic information itself
(see Key, 45 NY2d 111). As each simplified traffic information designated the
offense charged, substantially conformed to the form prescribed by the Commissioner of
Motor Vehicles, and provided the court with adequate information to establish that it had
jurisdiction to hear the case (see CPL 100.25, 100.40 [2]; Key, 45 NY2d
at 115; People v Long, 44
Misc 3d 126[A], 2014 NY Slip Op 50949]U[ [App Term, 2d Dept, 9th & 10th
Jud Dists 2014]), they were sufficient on their faces and, thus, not jurisdictionally
defective (see People v
Patrizio, 62 Misc 3d 130[A], 2018 NY Slip Op 51901[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2018]).
Prior to trial, the court heard arguments concerning Molineux (People v
Molineux, 168 NY 264 [1901]) and Sandoval (People v Sandoval, 34
NY2d 371 [1979]) evidence the prosecution wished to present to the jury, respectively,
in its case in chief and should defendant testify.
"To determine whether Molineux evidence may be admitted in a
particular case, the trial court must engage in the following two-part inquiry: first, the
proponent of the evidence must identify some material issue, other than the defendant's
criminal propensity, to which the evidence is directly relevant; once the requisite
showing is made, the trial court must weigh the evidence's probative value against its
potential for undue prejudice to the [*4]defendant. If the
evidence has substantial probative value and is directly relevant to the
purpose—other than to show criminal propensity—for which it is offered,
the probative value of the evidence outweighs the danger of prejudice and the court may
admit the evidence" (People v
Cass, 18 NY3d 553, 560 [2012] [citations omitted]).
Contrary to defendant's preserved contention, the District Court's Molineux
ruling did not constitute an abuse of discretion (see People v Till, 87 NY2d
835, 837 [1995] ["Molineux prescribes the litany of exceptions that allow
uncharged crimes into evidence, under exceptional circumstances, with limiting
cautionary instructions . . . when, as here, it bears on the motive and state of mind in
relation to an avoidance of apprehension during immediate flight from a crime and is
found to be needed as background material or to complete the narrative of the episode"]
[internal quotation marks and citation omitted]; People v Ibe, 50 AD3d 396, 396-397 [2008] ["The court
properly admitted evidence that, at the time of the incident, defendant was driving a taxi
without a valid license to do so. Without this evidence, it would have been difficult for
the jury to understand why defendant fled from the police and engaged in a course of
unusual conduct rather than simply submitting to being stopped for a traffic violation"]). 

The District Court also properly permitted "use by the prosecutor of prior
convictions . . . for the purpose of impeaching [] defendant's credibility" when defendant
testified (Sandoval, 34 NY2d at 374). The court took deliberate pains to mitigate
any possible prejudice by precluding the People from inquiring about the facts
underlying defendant's admissible convictions, precluding the People from inquiring
about convictions prior to 2010, and, as defendant concedes, providing a satisfactory
limiting instruction to the jury concerning the restricted ways in which Molineux
and Sandoval evidence could be considered and weighed (see id. at 376;
People v Fiore, 34 NY2d 81, 84 [1974]).
Defendant's contention that the District Court "announced a blanket ban on legal
protests from either side" is unpreserved. In any event, defendant's argument fails
because the District Court in fact did not in any way prevent the parties from making or
explaining any objection. Rather, the court merely prohibited the making of speaking
objections in the jury's presence, and "invited counsel to make such a record" outside of
the jury's presence (People v
Escobar, 79 AD3d 469, 469 [2010]).
Defendant's legal sufficiency arguments—raised as to his convictions of
resisting arrest and using a mobile telephone while driving—were not preserved
by his general, unspecified dismissal motions at the end of the People's and the defense's
respective cases (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any
event, " 'after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the [offenses] beyond a
reasonable doubt' " (People v Contes, 60 NY2d 620, 621 [1983], quoting
Jackson v Virginia, 443 US 307, 319 [1979]). Contrary to defendant's further
contention, those convictions were not against the weight of the trial evidence. 
Lastly, defendant's argument regarding two jury notes submitted during the
deliberative process is unpreserved, as defense counsel affirmatively consented to the
District Court's resolution of each. In any event, defendant's arguments regarding both
jury notes are unavailing. In its first contested note, the jury asked whether running from
the police in fear constitutes resisting arrest. After reading the note to the parties, the
District Court stated that it was inclined to reinstruct the jury regarding the elements of
the crime of resisting arrest (Penal Law § 205.30). Defense counsel responded on
the record that he did not object to this plan. The court's re-instruction of the elements of
resisting arrest served its proper purpose of refocusing the jurors' collective attention
onto the proper elements of the criminal statute.
In their second note, the jurors stated "we have rested." The court, after informing
the parties of the note, offered to have the jury brought back in, or in the more expedient
alternative, to have the court officer ask the jurors to "explain what they mean that we
have rested." Defense counsel consented to sending in the court officer to relay the
court's message. Furthermore the court officer clarified the court's request, asking, "Do
you want another note, Judge?" The court replied affirmatively. The replacement note
sent by the jury stated, "We have reached a verdict." 
Defendant's contention that the District Court, by having the court officer speak with
the jurors, improperly delegated its authority to the court officer is unpreserved.
Defendant's concomitant assertion that preservation is not required because the court's
action here constituted a mode of proceedings error, for which preservation is not
required, is incorrect. Rather, "the court officer's communications related to
administrative matters so as to fall within their supervisory role" (People v Dargan, 101 AD3d
1143, 1144 [2012]; see e.g. People v Buxton, 192 AD2d 289 [1993]). For
this reason, defendant's argument must fail on the merits as well.
Accordingly, the judgments of conviction are affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 1, 2022