People v Merritt (2022 NY Slip Op 22407)

People v Merritt

2022 NY Slip Op 22407 [78 Misc 3d 18]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 17, 2023

[*1]

The People of the State of New York, Respondent,
v
Chester Merritt, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 16, 2022

APPEARANCES OF COUNSEL

Appellate Advocates (Patty C. Walton of counsel) for appellant.
Eric Gonzalez, District Attorney (Leonard Joblove, Gamaliel Marrero and Julian Joiris of counsel), for respondent.

{**78 Misc 3d at 19} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with operating a motor vehicle while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]), leaving the scene of an incident with property damage without reporting (Vehicle and{**78 Misc 3d at 20} Traffic Law § 600 [1] [a]), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and reckless driving (Vehicle and Traffic Law § 1212). On November 30, 2018, defendant moved to dismiss the accusatory instrument on facial insufficiency and statutory speedy trial grounds. By order dated January 7, 2019, the court granted dismissal of the reckless driving count on facial insufficiency grounds and denied dismissal of the other counts. On February 27, 2019, defendant entered an Alford plea (see North Carolina v Alford, 400 US 25 [1970]; Matter of Silmon v Travis, 95 NY2d 470, 474-475 [2000]) of guilty to operating a motor vehicle while ability [*2]impaired by drugs, and was sentenced to, among other things, pay a fine of $500. Defendant argues on appeal that the accusatory instrument was facially insufficient to charge him with operating a motor vehicle while ability impaired by drugs; that he was deprived of his statutory right to a speedy trial; and that the $500 fine was excessive.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Where a defendant has pleaded guilty to one or more of the counts actually charged in a multi-count accusatory instrument, and, on appeal, raises a jurisdictional challenge, the defendant need not challenge the facial sufficiency of all of the counts contained in the accusatory instrument at the time the defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of the actual count(s) to which he or she pleaded guilty (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument, driving while ability impaired by drugs, must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charge, the offense and factual basis therefor must be sufficiently alleged (see{**78 Misc 3d at 21} Konieczny, 2 NY3d at 575). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
[1] Defendant was convicted of violating Vehicle and Traffic Law § 1192 (4), which provides that "[n]o person shall operate a motor vehicle while the person's ability to operate such a motor vehicle is impaired by the use of a drug as defined in this chapter" (see Vehicle and Traffic Law § 114-a); this includes "Opiates" (Public Health Law § 3306 [b]) and "Opium derivatives" (Public Health Law § 3306 [c]), including "Heroin" (Public Health Law § 3306 [c] [11]). The instrument alleged that defendant "exhibit[ed] signs of being under the influence of heroin," in that his eyes were constricted, he was unsteady on his feet, and he was moaning and flailing his arms. The instrument further alleged that the arresting officer observed that defendant's eyes opened and he was able to sit up and speak approximately one minute after the officer observed an emergency medical technician administer Narcan to defendant. From his training in Narcan use, the deponent officer was "aware that Narcan is used to counteract the effects of the ingestion of opiates, including heroin." These factual allegations "of an evidentiary character" (CPL 100.15 [3]) "provide reasonable cause to believe that . . . defendant committed the offense" (CPL 100.40 [4] [b]) of operating a motor vehicle while his ability was impaired by the use of a drug as defined in Vehicle and Traffic Law § 114-a (see generally People v McNeil, 74 Misc 3d 136[A], 2022 NY Slip Op 50296[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Defendant argues, citing People v Kalin (12 NY3d 225 [2009]), that the additional [*3]allegations in the instrument regarding the retrieval from defendant's car of an unsealed bag which the deponent officer alleged contained a quantity of heroin are insufficient because the instrument does not include the basis for the officer's belief that the substance in question was an illegal drug. However, under the circumstances presented, the identification of the seized substance was not necessary to properly charge defendant with operating a motor vehicle while ability impaired by the use of a drug.
[2] At the time of defendant's plea in 2019, it was the case that a "defendant who has entered a plea of guilty 'forfeit[s] his {**78 Misc 3d at 22}[or her] right to claim that he [or she] was deprived of a speedy trial under CPL 30.30' " (People v Hernandez, 176 AD3d 1100, 1101 [2d Dept 2019], quoting People v O'Brien, 56 NY2d 1009, 1010 [1982]). Although the amended CPL 30.30 statute, effective January 1, 2020, provides criminal defendants with the statutory right to appeal incorrect statutory speedy trial determinations even upon a guilty plea (see CPL 30.30 [6]), "the legislature has not mandated retroactive application of the newly worded CPL 30.30" statute (People v Galindo, 38 NY3d 199, 201 [2022]). Consequently, the amended statute "has no application to defendant's direct appeal" (id. at 207), and this court is precluded by defendant's plea from considering his statutory speedy trial claim.
Finally, we do not find the imposition of a $500 fine, the minimum fine permissible (see Vehicle and Traffic Law § 1193 [1] [b] [i]), to be excessive.
Accordingly, the judgment of conviction is affirmed.
Aliotta, P.J., Weston and Buggs, JJ., concur.