People v Bookman (2023 NY Slip Op 04936)

People v Bookman

2023 NY Slip Op 04936

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Docket No. 20133/18, 20044/19 Appeal No. 662 Case No. 2019-5887 

[*1]The People of the State of New York, Respondent,
v
David Bookman, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rebecca Besdin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Judgment, Supreme Court, New York County (Tandra L. Dawson, J.), rendered May 1, 2019, convicting defendant, upon his plea of guilty, of criminal contempt in the second degree, and sentencing him to a jail term of 15 days, unanimously affirmed.
The accusatory instrument is not jurisdictionally defective. Giving the allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), and "drawing reasonable inferences from all the facts set forth in the accusatory instrument" (People v Jackson, 18 NY3d 738, 747 [2012]), the accusatory instrument contains sufficient facts to demonstrate "reasonable cause to believe" (CPL 100.40[4][b]) that defendant was guilty of criminal contempt in the second degree. The factual allegation that "defendant is aware of the order of protection in that defendant was mailed the order of protection" supplied defendant with "sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]). Any challenge to the date that the order of protection was mailed or the address to which it was mailed "was a matter to be raised as an evidentiary defense . . ., not by insistence that [the accusatory instrument] was jurisdictionally defective" (see People v Drelich, 32 NY3d 1032, 1033 [2018]; Casey 95 NY2d at 360). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023