People v Toe (2025 NY Slip Op 50629(U))

[*1]

People v Toe (Nelson)

2025 NY Slip Op 50629(U)

Decided on April 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2022-120 Q CR

The People of the State of New York, Respondent,
against
Nelson Toe, Appellant. 

New York City Legal Aid Society (Naila S. Siddiqui of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Danielle M. O'Boyle and Rahul K. Sukesh of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Eugene M. Guarino, J.), rendered January 3, 2022. The judgment convicted defendant, upon a plea of guilty, of resisting arrest, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
The People charged defendant with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), resisting arrest (Penal Law § 205.30), and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [3]). Thereafter, the People dismissed the felony count for purposes of disposition, and defendant waived prosecution by information and pleaded guilty to resisting arrest. On appeal, defendant challenges the facial sufficiency of the resisting arrest charge, arguing that the police officer's identification of him in the accusatory instrument was conclusory and speculative, and that the accusatory instrument failed to allege facts that would establish that his arrest was authorized. 
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Where a defendant has pleaded guilty to one or more the counts actually charged in [*2]a multi-count accusatory instrument and, on appeal, raises a jurisdictional challenge, the defendant need not challenge the facial sufficiency of all the counts contained in the accusatory instrument at the time the defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of the actual count(s) to which he or she pleaded guilty (see People v Merritt, 78 Misc 3d 18, 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; People v Mason, 62 Misc 3d 75, 77-78 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument, resisting arrest, must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charge, the offense and factual basis therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
For a charge of resisting arrest to be facially sufficient, the accusatory instrument has to establish that the defendant intentionally attempted to prevent a police officer from effecting an authorized arrest of the defendant (see Penal Law § 205.30). The accusatory instrument does not have to allege facts that would establish, if true, every element of the offense giving rise to the arrest. Rather, the accusatory instrument need only allege that the arrest was authorized, by setting forth facts establishing that the arresting officer had probable cause to believe that the defendant committed an offense in the officer's presence (see People v Hilton-Jones, 77 Misc 3d 134[A], 2022 NY Slip Op 51261[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; see also People v Jensen, 86 NY2d 248, 253 [1995]; People v Alejandro, 70 NY2d 133, 135 [1987]; People v Laltoo, 22 AD3d 230, 230 [2005] ["defendant could properly be convicted of resisting arrest even without being convicted of any underlying crime"]). 
Here, the accusatory instrument alleged that, on August 12, 2021, the deponent police officer observed defendant receive money from someone and, as the officer approached defendant, defendant ran and dropped a "fanny pack" from which the officer recovered 99 bags of "cocaine in rock form," papers with defendant's personal identifying information, two prescriptions with defendant's name on them, and a scale. The officer believed the substance to be cocaine based on his "experience as a police officer and in his training in the identification and packaging of controlled substances." The accusatory instrument further alleged that, on August 19, 2021, that same officer observed defendant in a different location and, as he approached defendant, defendant ran. When defendant stopped and the officer attempted to place him in handcuffs, defendant flailed his arms and twisted his body to avoid being handcuffed. 
The allegations that, on August 12th, the officer observed defendant drop the "fanny pack" and recovered what the officer believed to be cocaine from it (see People v Kalin, 12 NY3d 225, 231-232 [2009]; see also People v Howard, 57 Misc 3d 128[A], 2017 NY Slip Op 51162[U], *1 [App Term, 1st Dept 2017]) were sufficient to establish that the officer had probable cause to arrest defendant (see CPL 140.10 [1] [b]; People v Maldonado, 86 NY2d 631, [*3]635 [1995]). The fact that the officer arrested defendant seven days later is of no moment (cf. People v Holland, 179 AD2d 582, 583 [1992]; People v Griffin, 161 AD2d 799, 800 [1990]; People v Brown, 117 AD2d 741, 742 [1986]).
The allegations that the officer observed defendant on both days were nonconclusory and any further challenge to defendant's identification was a matter to be raised at trial and does not affect the jurisdictional sufficiency of the accusatory instrument (see People v Drelich, 32 NY3d 1032, 1033 [2018]; Konieczny, 2 NY3d at 577; Casey, 95 NY2d at 360; People v Jones, 77 Misc 3d 5, 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; People v Banaszek, 71 Misc 3d 132[A], 2021 NY Slip Op 50324[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Consequently, the count charging defendant with resisting arrest is facially sufficient (see Jensen, 86 NY2d at 253; Alejandro, 70 NY2d at 133; Hilton-Jones, 2022 NY Slip Op 51261[U], *2-3).
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 11, 2025