People v Scarborough (2026 NY Slip Op 50304(U))

[*1]

People v Scarborough (Odell)

2026 NY Slip Op 50304(U) [88 Misc 3d 131(A)]

Decided on March 13, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 13, 2026
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

570030/23

The People of the State of New York,
Respondent,
againstOdell Scarborough, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Tara A. Collins, J.), rendered November 11, 2022, convicting him, upon his plea of
guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Tara A. Collins, J.), rendered November 11, 2022, affirmed.
Since defendant waived his right to prosecution by information, the facial sufficiency of the
accusatory instrument must be assessed under the standard required of a misdemeanor complaint
(see People v Dumay, 23 NY3d
518, 521 [2014]). So viewed, the accusatory instrument charging defendant with multiple
counts of petit larceny (see Penal Law § 155.25) was not jurisdictionally defective.
The instrument recited that on seven separate dates, informant, the store manager of a specified
Fabco store, observed defendant "taking several bags from the store shelves," walk past the cash
registers, "and exit the store" with the bags without paying for them and without permission or
authority. These allegations were facially sufficient to support the charged offense (see People v Livingston, 150 AD3d
448, 449 [2017], lv denied 29 NY3d 1093 [2017]; see also People v Olivo,
52 NY2d 309, 318-319 [1981]).
Contrary to defendant's contention, the store manager's identification of defendant as the
perpetrator was based upon her personal observation of him, and was nonconclusory. Any further
challenge to the identification of defendant was a matter to be raised at trial, not by insistence
that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]; People v Roldan, 71 Misc 3d
135[A], 2021 NY Slip Op 50426[U] [App Term, 1st Dept 2021], lv denied 37 NY3d
995 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: March 13, 2026